AO 241 (Rev. 09/17)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

NOV 17 '25 AM 10:19
RCV'D - USDC FLO SC

| United States District Court | District: S.C. |
|---|---|

| Name (under which you were convicted): James Edgar Hutchinson | Docket or Case No.: 2018-GS-21- 1520 & 1523 |
|---|---|

| Place of Confinement: Kershaw Corr. Inst. | Prisoner No.: 258003 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| James Edgar Hutchinson v. | The Attorney General of the State of: Alan Wilson |

Clerk of Court
U.S. District Court     PETITION     Robin L. Blume
Florence, S.C. 29503     P.O. box-2317

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

Florence County, S.C. 12th Judicial Circuit
General Sessions 180. North Irby St.
Florence, S.C. 29501

(b) Criminal docket or case number (if you know): 2018-GS-21-1520 & 1523

2.  (a) Date of the judgment of conviction (if you know): January 4th 2019

(b) Date of sentencing: January 4th 2019

3.  Length of sentence: 26 years on Both indictments

4.  In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

Burglary First degree

2- charges
2018-GS-21-1520
2018-GS-21-1523

6.  (a) What was your plea? (Check one)

☐ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
☑ (2) Guilty    ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

NOV 17 '25 AM 10:19
RCV'D - USDC FLO SC

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: S. C. | |
|---|---|---|
| Name (under which you were convicted): James Edgar Hutchinson | | Docket or Case No.: 5:25-CV-13034-mGL-KDW |
| Place of Confinement : Kershaw Correctional Institution | | Prisoner No.: 254003 |
| Petitioner (include the name under which you were convicted) James Edgar Hutchinson | v. | Respondent (authorized person having custody of petitioner) Warden Tonya James |
| The Attorney General of the State of: Alan Wilson | | |

**PETITION**

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Florence, S.C. 12th Judicial Circuit Court General Sessions 181. North Irby Street Florence, S.C. 29501

  (b) Criminal docket or case number (if you know): 2014-GS-21-1520 and 1523

2.   (a) Date of the judgment of conviction (if you know): January 8th, 2019

  (b) Date of sentencing: January 8th, 2019

3.   Length of sentence: Twenty six 26-years on both indictments concurrent.

4.   In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

Burglary First Degree 2014-GS-21-1520

Burglary First Degree 2014-GS-21-1523

Both ran concurrent

6.   (a) What was your plea? (Check one)

    ☐ (1) Not guilty     ☐ (3) Nolo contendere (no contest)

    ☑ (2) Guilty     ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      ❏ Jury    ❏ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ❏ Yes   ☑ No

8.    Did you appeal from the judgment of conviction?

      ❏ Yes   ☑ No  *Counsel failed to as instructed.*

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   ❏ Yes  ❏ No

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Florence County Court of Common Pleas

(2) Docket or case number (if you know): 2019-CP-21-3804

(3) Date of filing (if you know): October 4th, 2019

(4) Nature of the proceeding: Post Conviction Relief

(5) Grounds raised: Ineffective Assistance of Counsel Involuntary Guilty Plea for counsel's failure to have court properly inform me of the crucial elements of the offense after being misinformed on the burden of proof to attack prior convictions. Counsel's failure to investigate the case files and challenge prior convictions. Counsel's failure to suppress illegally obtained evidence and involuntary statement in violation of Miranda, Insufficient Recidivist Evidence, Illusory Threats with LWOP Sentence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☑ Yes    ☐ No

(7) Result: Denied Relief

AO 241 (Rev. 09/17)

(8) Date of result (if you know): April 3rd, 2024

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: PCR-Counsul filed Notice of Appeal in Higher Court.

(2) Docket or case number (if you know): 2024-000638

(3) Date of filing (if you know): Don't Know

(4) Nature of the proceeding: Writ of Certiorari

(5) Grounds raised: Appellate counsel raised only one ground that: That the PCR Judge erred in denying petitioner's claim that counsel was ineffective in failing to appeal his burglary conviction and sentences, which in turn deprived him of his right to challenge the legality of a 2002 prior burglary conviction that was used as an LWOP sentencing enhancer in order to threaten and coerce him into accepting a plea bargain in the case.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes    ☐ No    On August 9th, 2024 I was given 45-days to file a pro se brief which I did,

(7) Result: On 10-3-2024 the Supreme Court sent it to Appellate Court,

(8) Date of result (if you know): October 3rd, 2024

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: S.C. Court of Appeals

(2) Docket or case number (if you know): 2024-000638

(3) Date of filing (if you know): Don't Know

(4) Nature of the proceeding: Writ of certiorari and pro se brief.

(5) Grounds raised: Same as above and in the pro se brief I raised additional grounds that the Court recieved 9-25-2024 in the Supreme Court. Counsul failed to raise a Brady violation of Police Misconduct in illegally obtaing evidence outside of terrltorial jurisdiction without approval through S.C. code 23-1-215. and 23-20-40. mutual aid agreements Breach of plea agreement to drop grand larceny charge in Marion County causing involuntary plea, Involuntary plea for being misinformed on burden of proof, Illusory threats, fundamental error no habitual offender proof & counsels failure to arrest judgment, and for the failure to give due notice of two or more prior convictions element, Actual Innocence of enhancements,

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes     ☐ No

(7) Result: *Relief Denied*

(8) Date of result (if you know): *July 17th, 2025*

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion? *I was appealed then transferred pursuant to S.C. Rules of appellate court Rule 243(1)*

(1) First petition:     ☑ Yes     ☐ No

(2) Second petition:     ☐ Yes     ☐ No

(3) Third petition:     ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*The First appeal was transferred by the Supreme Court to the Appellate Court & denied all grounds and pro se brief.*

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.
*See additional grounds attached to end of application.*
CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *Actual Innocence by factual innocence of the prior 2002 conviction as a second violent offender, and actual innocence of sentence enhancements.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*In 2002-GS-21-1670 I was wrongfully convicted of the elements of nighttime burglary. I am innocent of the crime of conviction, and by a defective waiver of presentment to the grand jury by the clerk not being present and defective charging instrument, Involuntary guilty plea in violation of my due process for no factual basis for the plea, denied fair notice & ineffective counsel,*

(b) If you did not exhaust your state remedies on Ground One, explain why:

*I did raise these issues at the PCR hearing and in certiorari and pro se brief. It was denied even though counsel stated on the stand at PCR hearing that she admitted to not pulling the case file on any of the prior convictions after I informed her that this same prosecutor wrongfully convicted me in 2002 during her first interview with me at Detention Center.*

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: No, because counsel failed to do so as instructed.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction

Name and location of the court where the motion or petition was filed: Florence County Court of Common pleas 12th Judicial Circuit

Docket or case number (if you know): 2019-CP-21-2408

Date of the court's decision: April 3rd, 2024

Result (attach a copy of the court's opinion or order, if available): attached at end,

(3) Did you receive a hearing on your motion or petition?     ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: S.C. Supreme Court which transferred it to S.C. Court of Appeals

Docket or case number (if you know): 2024-000638

Date of the court's decision: July 17th, 2025

Result (attach a copy of the court's opinion or order, if available): copy is with the additional grounds at end of application.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:   none,

GROUND TWO: Involuntary guilty plea in violation of my due process. Misinformed of the law and elements of offense, No fair notice of elements

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):  of offense,

Counsel never informed that I had the burden of proof in attacking prior convictions to prevent use for enhancement to the on two prior convictions averred in indictment and being misinformed as well by the court, see also attached (proof) that counsel misinformed me as well), which caused involuntary plea. Then after guilty plea was entered the prosecutor did constructively amend indictment to allege two or more prior convictions with no fair notice to challenge other priors causing prejudice.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Counsel failed to as instructed to do so. Also counsel never let me see the indictments.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Post-Conviction Relief

Name and location of the court where the motion or petition was filed:   Florence County Court of Common Pleas 12th Judicial Circuit

Docket or case number (if you know):   2019-CP-21-2600

AO 241 (Rev. 09/17)

Date of the court's decision: _April 3rd, 2024_

Result (attach a copy of the court's opinion or order, if available): _Attached at end._

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _S.C. Supreme Court which transferred it to S.C. Court of Appeals_

Docket or case number (if you know): _2024-000634_

Date of the court's decision: _July 17th, 2025_

Result (attach a copy of the court's opinion or order, if available): _Attached at end._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _none_

**GROUND THREE:** _Ineffective assistance of counsel for failure to investigate and challenge prior convictions to prevent enhancement._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_This conviction violates my due process under the 14th Amendment by an invasion of my 6th Amendment right to effective assistance of counsel of the U.S. and S.C. Constitutions which deprived the court jurisdiction to enter a valid judgment or the judgment assailed, in failure to investigate priors for defects to prevent their use for enhancements._

Page 9 of 16

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

No, counsel failed to do so as instructed to do.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-conviction

Name and location of the court where the motion or petition was filed: Florence County Court of Common Pleas 12th Judicial Circuit

Docket or case number (if you know): 2019-CP-21-2404

Date of the court's decision: April 3rd, 2024

Result (attach a copy of the court's opinion or order, if available): attached at end.

_____

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: S.C. Supreme Court which transferred it to S.C. Court of Appeals

Docket or case number (if you know): 2024-000634

Date of the court's decision: July 17th, 2025

Result (attach a copy of the court's opinion or order, if available): Attached at end.

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:   none

_____

**GROUND FOUR:** Ineffective Assistance of counsel violating my S.C. and U.S. constitutions in failure to suppress illegal evidence and confession

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): induced by drugs from jail nurse. counsel failed to request evidentiary hearing to suppress the illegally obtained pawn shop reciepts obtained by law enforcement outsid territorial jurisdiction that was used to obtain involuntary confession by failure to state Miranda Warnings after being given sedative/hypnotics by jail nurse and told I could not use phone to call wife or family to obtain lawyer and after stating I wanted a lawyer, and counsels not informing of defenses

(b) If you did not exhaust your state remedies on Ground Four, explain why: to suppressible evidence.

_____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:     _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Post-Conviction Relief

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Florence County Court of Common Pleas 12th Judicial Circuit

Docket or case number (if you know): 2019-CP-21-2904

Date of the court's decision: April 3rd, 2024

Result (attach a copy of the court's opinion or order, if available): attached at end.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: S.C. Supreme Court which transferred it to the S.C. Court of Appeals

Docket or case number (if you know): 2024-000638

Date of the court's decision: July 17th, 2025

Result (attach a copy of the court's opinion or order, if available): attached at end.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: none

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: The first four grounds have been raised along with the Due Notice of prior convictions and insufficient evidence of habitual offender proof with counsel's failure to arrest judgment causing prejudice.

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: See attached grounds. The additional grounds now raised were not then available and developed at PCR-hearing and by the PCR-counsel ineffectiveness also never got to see indictments,

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

Page 13 of 16

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: Counsel Failed to Request a Preliminary hearing violating my right to probable cause determination,

(c) At trial: Caroline B. Lawson, Florence County Public Defenders Office 140. N. Irby St. Florence, S.C. 29501

(d) At sentencing: same as above (Caroline B. Lawson.

(e) On appeal: No Direct appeal was filed after I did personally ask her todo. My wife also said take it to a Higher court,

(f) In any post-conviction proceeding: Steven W. Fowler 730. Main Street, Unit-237 North Myrtle Beach, S.C. 29582

(g) On appeal from any ruling against you in a post-conviction proceeding: Wanda H. Carter S.C. Office of Appellate Defense P.O. box-11589 Columbia, S.C. 29211-1589

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

My Post-Conviction Application was Filed October 4th, 2019

A decision rendered on April 3rd 2024 denied relief.

AO 241 (Rev. 09/17)

A notice of Appeal was Filed. I was appointed counsel which raised one claim in a Johnson v. State brief. I was given 45-days to add any additional grounds which I did in my pro se brief. It was then transferred by the Supreme Court of S.C. to the S.C. Court of Appeals which ultimately denied relief July 17th, 2025.

On October 1st, 2025 I requested for the mailroom to have a check made out to the U.S. District Court Clerk. It was sent straight to the Clerk which prevented me from being able to send it with the habeas corpus 2254 application. This mistake by prison officials resulted in 2-separate case numbers. I was then given by November 12th, 2025 plus 3-mailing days to bring this one into proper form, which is being placed in the Mailroom Prison Officials hands on 11-10-2025. Will the Honorable Court please grant a hearing & appoint a counsel.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

 (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

 (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Vacate conviction set aside or correct illegal sentence and void recidivist sentence.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on **11-10-2025** (month, date, year).

Executed (signed) on **11-6-2025** (date).

Notary Donna A Truesdale
November 06, 2025
Expires March 03, 2031  James Edgar Hutchinson

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____