## Ground five

The Court violated my right to recieve fair notice of the offense in not providing me with a valid indictment that fully and plainly apprised me of the nature of the offense and not charging the essential elements substantially in the language of the statute thus depriving my due process by not giving due notice of two or more prior convictions element in order to prepare defense to be followed by an opportunity to be heard...; Thus in violation of my Due Process and right to a fair trial protected by the S.C. Constitution Art. 1. Sections 3. and 14, and U.S. Constitutional Amendments 6th and 14th. by counsels failure to challenge (suppress) indictments.

### Facts

First I was served with a defective warrant that stated Burglary First Degree charging two prior convictions which my counsel failed to notice... Then after I am coerced to enter plea agreement and the Judge has already accepted my plea, the prosecutor steps in an says that I am being convicted for having two or more prior convictions which was not charged in the indictment thus affecting my substantial rights by depriving my right to be heard as to the validity of said prior convictions where I was not gave a copy of the indictment and counsel failed to inform me of the defective indictment that I did not recieve until I got my appendix for writ of certiorari where I did raise these issues in my pro se brief to the Supreme Court when I did become aware that indictments were invalid.

## Ground six

My guilty plea was not knowingly or was it voluntarily entered in violate of my right to Due Process due to the fundamental unfairness that made proceedings fraught. by being mis informed as to the crucial elements of the offense and my defenses making the plea not an intelligent choice among alternative courses of action to take.

### Facts

When I was first detained I was not given the defective indictment that counsel never let me see. Then when counsel finally visited me at the jail I asked her to not let the prosecutor John C. Iepertinger get on my case. She asked why. I told her that he wrongfully convicted me for burglary in the nighttime hours in 2002. She then stated no matter what I did that he was gonna use that prior conviction as a prior most serious offense to give me life if I did not accept a 20-year plea offer. She stated that there was not anything I could do to stop that because it was considered a conviction. Then after I ask her to show me the coerced confession without Miranda warnings she growls at me and states that if I "F" with her that I will have to plead guilty to a life sentence. Then had me sign this form that also states that I would have no burden of proof also showing I was coerced into plea by an LWOP motion. Then counsel let the court tell me I had no burden of proof. The law plainly states the defendant has burden of proof attach the prior convictions to prevent use for enhancement...

Ground seven
Illegal Sentence

This conviction is illegal and beyond the statutory maximum of the principle offense which is the only valid portion of the said fatally defective indictment making the erroneous enhancement portion of it void. Also through the invasion of my right to recieve effective assistance of counsel protected by the S.C. Constitution Art. 1. Sect. 14, and the U.S. constitution 6th Amendment, my fundamental rights to due process are inviolate under the S.C. Constitution Art. 1, Sect. 3 and the U.S. Constitutions 14th Amendment. Through these invasions of my rights to counsel, due process and a valid indictment protected by the S.C. Constitution Art. 1 Section 11, and 14. The court deprived itself jurisdiction to sentence me under an enhanced penalty making sentence illegal. The prosecutor also abused his legitmate powers by improperly constructively amending the indictment to allege two or more prior convictions violating my substantial rights of due notice and my right to grand jury probable cause determination and opportunity to be heard. I was deprived of my public fundamental right to a grand jury indictment that was substantially constructively amended after mu guilty plea was entered causing prejudice and counsel was ineffective for failure to inform of my right to demand a continuance...

## Ground eight

Post conviction counsel was ineffective and prejudiced my case no. 2019-CP-21-2404 causing a structural error making the whole trial process completly unreliable under United States v. Cronic 104 S.Ct. 2039 (1984).

### Facts

Post conviction counsel deprived me of my S.C. Statutory right to effective assistance of counsel by failing to show trial counsel was ineffective that prejudiced my case in failure to investigate prior convictions, failure to obtain evidence to back up my claims on post-conviction hearing and his failure to investigate prior conviction from 2002 that did not contain all of the necessary elements of a nighttime 1st Degree Burglary that was merely only a daytime non-violent that would not have supported a mandatory life sentence under S.C. Code 17-25-45. See also Phillips v. State 734 S.E.2d. 650 (2017), ... Bowers v. McFadden 153 F.supp. 3d. 875 (2015)

PCR-Counsel failed to show trial counsel was also ineffective for failure to show prior convictions were defective and could have prevented their use for enhancement. Trial Counsel has a duty to investigate all aggrivated circumstances the state seeks to use for enhancement this also includes prior convictions when client is charged with recidivist offense...See. Weary v. State 2016 WL 916944, Banyard v. Duncan 342 F.supp.2d. 865 (9ca. 2004). Rompilla v. Beard 125 S.ct. 2456 (2005).

## Ground nine

This claim only was made aware of as being available after post conviction counsel did fail to confer with me on these claims that are substantial and have merit...

Post conviction counsel was ineffective for failure to raise the claim that trial counsel was ineffective in failure to file motions to Quash and Demur Defective indictment that omitted essential element of two or more prior convictions that prejudiced my case preventing me from challenging the insufficiency of the states priors It didnot charge in the indictment but did improperly try to allege and enter as more prior conviction evidence after I entered my guilty plea. That Post Conviction Counsel also prejudiced my prior conviction Post conviction case no. 2021-CP-21-1712 by not gathering evidence of the Tax map sheets and addresses in Darlington County that were using Florence Postal addresses, PCR-counsel failed to confer with me to also raise a Brady violation for the suppression of law enforcements misconduct by the omitting Darlington County from my residence address to only show Florence address and failure to raise the Issue of the illegal arrest is earch & slezure by law enforcement of Florence County Deputy Phill Hanna who left his territorial jurisdiction to come to and in my house without a warrant in Darlington County, kidnapped me and then carried me back to Florence County Jail. to hold me without probable cause for a month.

Ground nine continued

Post Conviction counsel did prejudice my 2021-CP-21-1712 PCR case by allowing the state to get by with another final order of dismissal to claim that I raised the issue that the court lacked jurisdiction to accept my guilty plea, a totally false and frivolous claim that I had already overcome in rebutting the conditional order of dismissal and then the judge appointed you as counsel and then you let the state claim this false claim again to let my case get dismissed by your filing a Dennison letter causing prejudice to that case and my 2019-CP-21-2808 case where I tried to raise the issues about the prior convictions being invalid, PCR counsel let the state get by with an objection to say they had no relevance and then counsel for trial stated that she failed to pull the case filed on the prior convictions and at the end of States argument the PCR counsel let the state make a false statement on the law by saying there was nothing to be done about the prior because they were done deals. That is not true, had trial counsel filed a motion to Quash indictment she could have requested a continuance and hold an evidentiary hearing to invalidate the priors to prevent use, I was denied fundamental fairness.

Ground ten

Post conviction counsel was ineffective and prejudiced my case in failure to raise the claim that trial counsel was also ineffective for failure to file post verdict motion in the arrest of judgement on first reason the indictment failed to state a charge under First Degree 1st Burglary 16-11-311(a)(2) and sentence was illegal beyond statutory maximum of what was only legally charged in the indictment, a charge of 16-11-312 2nd Degree Burglary. Then after the improper constructive amendment that was done after I entered guilty plea that counsel allowed and failed to object or preserve but instead let me get done in and railroaded again by this same prosecutor who also railroaded me in 2002. The indictment was defective from the start. First you planned on using the 2002 case where that conviction was jurisdictionally defective by due process violation, the ineffectiveness of counsel, the waiver of presentment was also defective, as it was not properly effected by the clerk of court pursuant to S.C. Code 17-23-130 through 150. and the charging document the sentencing sheet information was also defective as it failed to charge the necessary elements of 16-11-311 (a)(2) or (a)(3), depriving me of fair notice as well. Thus trial counsel was ineffective and Post conviction counsel also.

## Ground uleven

This ground also did not develop until the Post conviction hearing took place, causing structural error under U.S. v. Cronic 104 s.ct. 2039 (1944). Post Conviction Counsel was ineffective depriving me of my statutory right to the effective assistance of counsel that is in violation of Strickland v. Washington 104 s.ct. 2052 (1984) that also caused prejudice. Counsel's failure to perform his essential duties under the S.C. Post Conviction act. S.C.R.C.P. Rule 71.1 (d) to confer with me and amend with additional claims of police/law enforcements misconduct withheld by the prosecution being a Brady violation of withholding evidence of statements from my wife who was harrassed and threatened to give statements in violation of our spousal privileges, the police misconduct of the illegality of the gathering evidence by leaving Territorial Jurisdiction without prior approval in writing. To include the most Important that you failed to perform essential duties of PCR act S.C. Code 17-27-150. to gather and collect evidence to back up my claim that law enforcement didnot read me an Miranda Warnings prior to the interrogation. This prejudiced my case because you failed to bring a copy of the DVD-confession to PCR hearing instead you let trial counsel lie and commit fraud upon the court by saying she seen cop read my rights to me. This amounted to willful neglect and abandonment...

Ground twelve

Breached Plea agreement that was part of negotiated plea deal which the prosecutor failed to uphold his end of the bargain which deprived my guilty plea of its voluntary character in violation of my due process of the S.C. and U.S Const. Amendments, by improperly inducing me to plead guilty under my detrimental reliance that the charges that are still showing up as pending on my case file on the computer within S.C.D.C. thus causing the detainer to deter future privileges and the State has prejudiced my case by the breach had I known the State was gonna breach it's deal, I would not have pled guilty but would have insisted on going to trial, thus I would have invoked my right to a fast and a speedy trial, but now my case is also prejudiced because my only alibi witness being my wife did pass away in 2019, thus the State has violated my rights and coerced me into this involuntary plea. Not asking for the plea deal to now be enforced but plea to be vacated due to the constitutional violations and prejudice. See Santobello v. New York 92 Sct 495 (1971), Custodio v. State 644 Se2d, 36 (2007) Turner v. Lassiter 91 Sct. 47 (1970) PCR Counsel was ineffective for failure to raise this issue at hearing to show trial counsel was ineffective for failure to have plea deal enforced. Hunter v. State 477 ne2d, 317 (1985)...

"AFFIDAVIT OF MERITS"

"INVALID GUILTY PLEA, CONVICTION, ILLEGAL SENTENCE & INEFFECTIVE ASSISTANCE OF COUNSEL"

STATE OF SOUTH CAROLINA    *S. C. Supreme Court, Court of Appeals now,* THE COURT OF *District of S.C.*

V.    CASE NO.2018-GS-21-1520 & CASE NO. 2018-GS-21-1523

JAMES EDGAR HUTCHINSON    INEFFECTIVE COUNSEL, INVALID PLEA, CONVICTION & SENTENCE

*Oyler V. Boles, 825 ct. 501 (See.) citing Williams V. N.Y. 69 Sct.1079 (1962). Right to offer mitigating evidence (1949 ).*

"EXTRAORDINARY CIRCUMSTANCES"

**COUNSEL'S FAILURE TO PERFORM ESSENTIAL DUTIES BEFORE, DURING & AFTER GUILTY PLEA TO HAVE COURT PROPERLY INFORM HUTCHINSON OF RULE 32. RIGHT OF ALLOCUTION TO OFFER MITIGATION BEFORE SENTENCING WAS PREJUDICIAL...**

COURT DID NOT ASK HUTCHINSON IF HE HAD ANYTHING TO SAY HELP TO MITIGATE SENTENCE IN 2018 COURT NEVER ASKED HUTCHINSON IF HE HAD ANYTHING TO SAY TO MITIGATE SENTENCE IN THE 2002 U.S. V. MILLER 849F2D.896(4$^{TH}$CIR.1988), PROCEDURES UNDER CRIMINAL SENTENCING RULES ARE TO BE COMPLIED WITH STRICTLY, UNITED STATES V. MURPHY 530F2D.1,2(4$^{TH}$CIR.1976), GREEN V. UNITED STATES 81SCT.653(1961), SEE ALSO ASHE V. STATE OF NORTH CAROLINA 586F2D.334(4$^{TH}$CIR.1978)... IF I WAS MADE AWARE THAT I COULD ADDRESS COURT TO PRESENT A STATEMENT TO HELP MITIGATE MY SENTENCE WHY IT SHOULD NOT HAVE BEEN PRONOUNCED, I WOULD HAVE DONE SO, TO INFORM THE COURT THAT MY PRIOR CONVICTION USED FOR ENHANCEMENT PURPOSES WAS NOT REALLY A NIGHTTIME BURGLARY OR MOST-SERIOUS OFFENSE AND PROSECUTOR JEPERTINGER KNOWS MY 2002 CONVICTION WAS NOT "JUST", BECAUSE HE IS THE SAME PROSECUTOR WHO DID THE WRONGFUL CONVICTION IN THE 2002-GS-21-1670 CASE, WHERE I WAS ALSO NEVER INFORMED AND COMPLETELY DENIED MY RIGHT TO "ALLOCUTION." HAD I BEEN INFORMED BY THE COURT OR COUNSEL I WOULD HAVE TOLD THE JUDGE MYSELF THAT I WAS RAILROADED BY SAME PROSECUTOR TO PLEAD GUILTY TO A "NIGHTTIME" BURGLARY THAT I DID NOT DO. STATE V. TREZEVANT 20S.C.363(1884), FAILURE OF CIRCUIT COURT JUDGE TO ASK PRISONER "IF HAS ANYTHING TO SAY WHY JUDGEMENT SHOULD NOT BE PRONOUNCED ON HIM", IS ERROR, AND REQUIRES A RESENTENCE, ALTHOUGH THE PRISONER DID NOT DEMAND THIS QUESTION BE ASKED. COMMONWEALTH V. BROWN 492A2D.745(1985), STATE V. PHILLIPS 54SE2D.901(1949), STATE V. STOKES 548SE2D.202(2001), "ALLOCUTION" IS DEFENDANT'S OPPORTUNITY TO PRESENT ARGUMENTS IN MITIGATION BEFORE FACTFINDER DELIBERATES. McCOY V. LOUISIANA 138SCT.1500(2018), DEFENDANT MUST BE ALLOWED TO MAKE HIS OWN DEFENSES ABOUT PROPER WAY TO PROTECT HIS LIBERTY. MASSRO V. U.S. 123SCT.1690(2003), FAILURE TO RAISE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM ON DIRECT APPEAL DOES NOT BAR CLAIM FROM BEING BROUGHT IN A LATER APPROPRIATE COLLATERAL PROCEEDING. CHRISTY V. PENNSYLVANIA 116SCT.194(1995), INEFFECTIVE ASSISTANCE OF COUNSEL WILL EXCUSE A WAIVER UNDER THE [PCRA], AS LONG AS THE APPELLANT HAD A CONSTITUTIONAL RIGHT TO COUNSEL IN STATE PROCEEDINGS WHERE COUNSEL'S INEFFECTIVENESS RESULTED IN A WAIVER OF CLAIMS WITH MERIT. CARTHORNE V. U.S. 134SCT.1326(2014), U.S. V. CARTHORNE 878F3D.458(4$^{TH}$CIR.2017), COUNSEL'S IGNORANCE OF A POINT OF LAW IS FUNDAMENTAL TO HIS CASE. U.S. V. CRONIC 104SCT.2039(1984), ERROR HAS BEEN DEEMED "STRUCTURAL" WHEN ERROR RESULTS IN FUNDAMENTAL UNFAIRNESS. STRICKLAND V. WASHINGTON 104SCT.2052(1984), HILL V. LOCKHART 106SCT.366(1985), STATE V. SMITH 531SE2D.294(2008), BUT FOR COUNSEL'S INEFFECTIVENESS, I WOULD NOT HAVE PLED GUILTY, BUT INSISTED TRIAL, U.S. V. WEICHERT 836F2D.769(2$^{ND}$CIR.1988), U.S. V. COLE 27F3D.996(4$^{TH}$CIR.1994), UNITED STATES V. ATKINSON 56SCT.391(1936), UNITED STATES V. ABNEY 957F3D.241(D.O.C.2020). POST-VERDICT MOTIONS & SENTENCING IS CRITICAL STAGES OF TRIAL U.S V. WADE 87SCT.1926(1967).

*The Judge is not bound by any plea agreement*

RESPECTFULLY SUBMITTED ON THIS ____ DAY OF _____. S/_____.

JAMES EDGAR HUTCHINSON #258003 _____.

## "CONVICTION IN VIOLATION OF MY S.C. & U.S. CONSTITUTIONAL RIGHTS"

### MALICIOUS PROSECUTION, INEFFECTIVE COUNSEL, INVALID PLEA, CONVICTION & SENTENCE

S.C. Supreme Court; the Court of Appeals

STATE OF SOUTH CAROLINA    now IN THE _District of S.C. Court_ COURT

V.        INVALID CONVICTION CASE NO. 2018-GS-21-1520 & 1523

JAMES EDGAR HUTCHINSON      POST-CONVICTION CASE NO. 2019-CP-21-2404

### *NO FACTUAL BASIS TO SUPPORT HABITUAL OFFENDER FINDING"*
### STATE PLACED NOTHING ON RECORD PROOF OF CHRONOLOGY OF COMMISSION OF PRIORS OFFENSES/CONVICTIONS & NO PROOF IDENTITY NOT ESTABLISHED
### "THROUGH THE STATES INVITED ERRORS, IT FAILED TO ESTABLISH"
### "ESSENTIAL ELEMENT'S OF HABITUAL OFFENDER FINDING"

"NO ATTEMPT WAS MADE TO LINK HUTCHINSON TO PRIOR CONVICTIONS ON PURPORTED RAP-SHEET"
"THE STATE FAILED TO ASK HUTCHINSON IF HE AFFIRMED OR DENIED PRIOR BURGLARY CONVICTIONS."
"STATE FAILED TO CONNECT IDENTITY OF ACCUSED, AN ESSENTIAL ELEMENT OF RECIDIVIST PROOF"
"SHEPARD APPROVED DOCUMENT'S FAIL TO INDICATE PRIORS OCCURRED ON SEPARATE OCCASIONS."
"STATE STRUCTURAL-ERRORS MAKE THE WHOLE TRIAL PROCESS COMPLETELY UNRELIABLE."
"COURT DID NOT ASK HUTCHINSON IF HE HAD ANYTHING TO SAY HELP TO MITIGATE SENTENCE."

WEARY V. STATE (2016) WL 1844633, OUR SUPREME COURT HAS EXPLAINED THAT S.C. CODE 16-11-311(A)(2), ALLOWS THE STATE TO PUNISH DEFENDANT FOR RECIDIVISM TO ENHANCE PUNISHMENT...STATE V. HAMILTON 486SE2D.512(1997), REHEARING DENIED, CERT. GRANTED, HAMILTON V. SOUTH CAROLINA 119SCT.239(1998), ALLOWING DEFENDANT TO STIPULATE TO PRIOR CONVICTIONS ELEMENT, INDEED, CAUSES A SUBSTANTIAL GAP IN THE STATE'S RECITATION OF THE FACTUAL BASIS TO SUPPORT A GUILTY PLEA AS A RECIDIVIST OFFENDER. QUOTING OLD CHIEF 117SCT.644, 654(1997), PEOPLE WHO HEAR A STORY INTERRUPTED BY GAPS OF ABSTRACTION MAY BE PUZZLED AT THE MISSING CHAPTERS, AND ASKED TO REST A MOMENTOUS DECISION ON THE STORY'S TRUTH CAN FEEL PUT UPON AT BEING ASKED TO TAKE RESPONSIBILITY KNOWING THAT MORE COULD BE SAID THAN THEY HAVE HEARD, STATE IS REQUIRED TO PROVE THE SPECIFIC NATURE OF THE PRIOR CONVICTIONS. DEFENDANT'S WILLINGNESS TO STIPULATE TO ALTERNATIVE ELEMENT OF CRIME, DID NOT PRECLUDE STATE FROM OFFERING EVIDENCE OF PRIOR CONVICTIONS. STATE V. BENTON 526SE2D.228(2000), CERT. DENIED 120SCT.220(2000), ALLOWING DEFENDANT TO STIPULATE TO PRIOR CONVICTIONS DILUTES THE STATE'S BURDEN OF PROOF TO FORM A FACTUAL BASIS TO SUPPORT A GUILTY PLEA. BOYLE V. U.S. 129SCT.2237(2009), EVEN IF THE SAME EVIDENCE MAY PROVE TWO SEPARATE ELEMENTS OF A CRIME, DOES NOT MEAN THAT THE TWO ELEMENTS COLLAPSE INTO ONE. STATE V. PAYNE 504SE3D.335(1998), WHEN THE STATE IS PROSECUTING A PERSON FOR AN OFFENSE THAT CARRIES AN ENHANCED PENALTY ON A CONVICTION OF A SECOND OR SUBSEQUENT OFFENSE, IT IS NECESSARY FOR THE STATE TO PROVE THAT A PREVIOUS CONVICTION EXISTS, THAT THE CONVICTION WAS FOR AN OFFENSE WHICH OCCURRED PRIOR TO THE COMMISSION OF THE OFFENSE FOR WHICH HE IS BEING TRIED, AND THAT THE DEFENDANT WAS THE SUBJECT OF THAT PRIOR CONVICTION. ESTELLE V. FRENCH, 103SCT.2108(1983), CHRONOLOGY OF COMMISSION PRIORS; ESSENTIAL ELEMENTS OF ENHANCED SENTENCE STATUTE. LINMAN V. N. M. 100SCT.91(1979), THE AVERMENTS IN THE INDICTMENT MUST BE SUPPORTED BY PROOF HUTCHINSON V. STATE 481SW2D.881(1972). U.S. V. JACKSON 368F3D.599(2ND CIR.2004), DEFENDANT IS NOT DEEMED TO HAVE STIPULATED TO IDENTITY. STATE V. VANCE 262SE2D.425(1980), REITERATING MERE PROOF OF IDENTITY OF NAMES BETWEEN DEFENDANT AND PERSON NAMED IN PRIOR CONVICTION FAILS TO ESTABLISH IDENTITY IN RECIDIVIST HEARING & ENTITLED SAME RIGHT TO NOT BE SUBJECTED TO UNDULY SUGGESTIVE IDENTIFICATION PROCEDURES. STATE V. JESTER 790SE2D.368(2016), LIST OF DEFENDANTS PRIORS ALONE FAILS TO ESTABLISH PROOF.

"TO SAY IN THIS CASE AS IN ANY OTHER CASE; PROPONENT OF A CLAIM OR CHARGE MUST EVIDENCE IT."
"COURT DID NOT ASK HUTCHINSON IF HE HAD ANYTHING TO SAY HELP TO MITIGATE SENTENCE..."
"COURT DID NOT IF HE FELT WHY THIS SENTENCE SHOULD NOT HAVE BEEN PRONOUNCED...
"SMITH V. U.S. 304A2D.28(D.O.C.1973), SMITH V. U.S. 94.SCT.846(1973)...

RESPECTFULLY SUBMITTED ON THIS _____ DAY OF _____. S/_____

JAMES EDGAR HUTCHINSON #258003 _____.

# Memorandum

This can be construed as a memorandum to back up my claims by transcripts and secondary best evidence. Also see the orders by the Court at the end.

Proof that the Drugs given at jail hampered my judgment and evidence was illegally obtained to coerce Statement.

The Proof with Transcripts and other evidence as to show wrongful prior convictions with maps, transcripts and other evidence to show law enforcement misconduct which is the gist of all the involuntary pleas and by coerced statement.

1.) Two Indictments that are defective in failure to charge an offense of Burglary First Degree 16-11-311 (a)(2).

2.) Defective charging instruments in the failure to charge statutory elements thus also failing to give fair notice.

3.) Transcript from 2018-GS-21-1520 & 1523 guilty plea showing I was misinformed I had no burden of proof and counsel's failure to correct it. The plea negotiation that was breached by not dropping other charge. The improper constructive amendment violating my substantial rights and the objection to being characterized as violent.

4.) The Paper trial counsel had me sign to show coercion with LWOP and that I was again misinformed as to the burden of proof.

2002-GS-21-1670

1.) Defective charging instrument in the omitting essential elements of offense.

2.) Plea transcript of PLR hearing showing that the waiver of indictment was also invalid and that my plea was involuntary also that I am innocent of nighttime burglary

To show the 1989 - and 1994 evidence 1989 indictment was void and I lived in Darlington County also on the illegal arrest, search & seizure case.

2. Evidence that Law Enforcement became Law Breakers.

# TITLE 23
## LAW ENFORCEMENT AND PUBLIC SAFETY
### CHAPTER 1. GENERAL PROVISIONS & CHAPTER 20. LAW ENFORCEMENT ASSISTANCE AND SUPPORT ACT

**23-1-210. REPEALED**

TEMPORARY TRANSFER OR ASSIGNMENT OF LAW ENFORCEMENT OFFICER; WRITTEN AGREEMENT; COMPENSATION.

2016 ACT NO. 222 (H3653), * 1, EFF JUNE 3RD, 2016.

**23-1-215. REPEALED.**

AGREEMENTS BETWEEN MULTIPLE LAW ENFORCEMENT JURISDICTIONS FOR THE PURPOSE OF CRIMINAL INVESTIGATIONS OF LAW ENFORCEMENT OFFICERS.

2016 ACT NO. 222 (H3653), * 1, EFF JUNE 3RD, 2016.

**23-20-30. MUTUAL AID AGREEMENTS.**

(A) ANY COUNTY, INCORPORATED MUNICIPALITY, OR OTHER POLITICAL SUBDIVISION OF THIS STATE MAY ENTER INTO MUTUAL AID AGREEMENTS AS MAY BE NECESSARY FOR THE PROPER AND PRUDENT EXERCISE OF PUBLIC SAFETY FUNCTIONS. ALL AGREEMENTS MUST ADHERE TO THE REQUIREMENTS CONTAINED IN SECTION 23-20-40.

(B) NOTHING IN THIS CHAPTER MAY BE CONSTRUED TO ALTER, AMEND, OR AFFECT ANY RIGHTS, DUTIES OR RESPONSIBILITIES OF LAW ENFORCEMENT AUTHORITIES ESTABLISHED BY SOUTH CAROLINA'S CONSTITUTIONAL OR STATUTORY LAWS ESTABLISHED BY ORDINANCES OF SOUTH CAROLINA'S POLITICAL SUBDIVISIONS, EXCEPT AS EXPRESSLY PROVIDED FOR IN THIS CHAPTER.

HISTORY; 2000 ACT NO. 382, 2016 ACT NO. 222 (H3653), * 1, EFF JUNE 3RD, 2016.

**23-20-40. REQUIRED MUTUAL AID AGREEMENT PROVISIONS.**

(A) ALL MUTUAL AID AGREEMENTS FOR LAW ENFORCEMENT SERVICES MUST BE IN WRITING AND INCLUDE, BUT MAY NOT BE LIMITED TO, THE FOLLOWING:

(1) A STATEMENT OF THE SPECIFIC SERVICES TO BE PROVIDED;

(2) SPECIFIC LANGUAGE DEALING WITH FINANCIAL AGREEMENTS BETWEEN THE PARTIES;

(3) SPECIFICATION OF RECORDS TO BE MAINTAINED CONCERNING THE PERFORMANCE OF SERVICES TO BE PROVIDED TO THE AGENCY;

(4) LANGUAGE DEALING WITH THE DURATION, MODIFICATION, AND TERMINATION OF THE AGREEMENT;

(5) SPECIFIC LANGUAGE DEALING WITH THE LEGAL CONTINGENCIES FOR ANY LAWSUITS OR THE PAYMENT OF DAMAGES THAT ARISE FROM THE PROVIDED SERVICES;

(6) A STIPULATION AS TO WHICH LAW ENFORCEMENT AUTHORITY MAINTAINS CONTROL OVER THE LAW ENFORCEMENT PROVIDER'S PERSONNEL;

(7) SPECIFIC AGREEMENTS FOR THE USE OF EQUIPMENT AND FACILITIES; AND

(8) SPECIFIC LANGUAGE DEALING WITH THE PROCESSING OF REQUESTS FOR INFORMATION PURSUANT TO THE FREEDOM OF INFORMATION ACT FOR PUBLIC SAFETY FUNCTIONS PERFORMED OR ARISING UNDER THESE AGREEMENTS.

(B) EXCEPT AS PROVIDED IN SUBSECTION (C), A MUTUAL AID AGREEMENT ENTERED INTO ON BEHALF OF LAW ENFORCEMENT AUTHORITY MUST BE APPROVED BY THE APPROPRIATE GOVERNING BODIES OF EACH CONCERNED COUNTY, INCORPORATED MUNICIPALITY, OR OTHER POLITICAL SUBDIVISION OF THIS STATE. AGREEMENTS ENTERED INTO ARE EXECUTED BETWEEN GOVERNING BODIES, AND THEREFORE, MAY LAST UNTIL THE AGREEMENT IS TERMINATED BY A PARTICIPATING PARTY OF THE AGREEMENT.

(C) AN ELECTED OFFICIAL WHOSE OFFICE WAS CREATED BY THE CONSTITUTION OR BY GENERAL LAW OF THIS STATE IS NOT REQUIRED TO SEEK APPROVAL FROM THE ELECTED OFFICIAL'S GOVERNING BODY IN ORDER TO PARTICIPATE IN MUTUAL AID AGREEMENTS.

(D) PROVIDED THE CONDITIONS AND TERMS OF THE MUTUAL AID AGREEMENTS ARE FOLLOWED, THE CHIEF EXECUTIVE OFFICER'S OF THE LAW ENFORCEMENT AGENCIES IN THE CONCERNED COUNTIES, INCORPORATED MUNICIPALITIES, OR OTHER POLITICAL SUBDIVISIONS HAVE THE AUTHORITY TO SEND AND RECEIVE SUCH RESOURCES, INCLUDING PERSONNEL, AS MAY BE NEEDED TO MAINTAIN THE PUBLIC PEACE AND WELFARE.

(E) THE OFFICER'S OF THE LAW ENFORCEMENT PROVIDER HAVE THE SAME LEGAL RIGHTS, POWERS, AND DUTIES TO ENFORCE THE LAWS OF THIS STATE AS THE LAW ENFORCEMENT AGENCY REQUESTING THE SERVICES.

HISTORY; 2000 ACT NO. 382, 2016 ACT NO. 222 (H3653), * 1, EFF JUNE 3RD, 2016.

RESPECTFULLY SUBMITTED ON THIS ____ DAY OF _____. S/_____.

_____

44

Evidunce to show confession was involuntary and my judgment was hampered and counsel's Ineffectiveness.

**Drugs.com**

# Drug Interaction Report

This report displays the potential drug interactions for the following 2 drugs:

- gabapentin
- hydroxyzine

## Interactions between your drugs

Moderate **hydrOXYzine <> gabapentin**
Applies to: hydroxyzine, gabapentin

Using hydrOXYzine together with gabapentin may increase side effects such as dizziness, drowsiness, confusion, and difficulty concentrating. Some people, especially the elderly, may also experience impairment in thinking, judgment, and motor coordination. You should avoid or limit the use of alcohol while being treated with these medications. Also avoid activities requiring mental alertness such as driving or operating hazardous machinery until you know how the medications affect you. Talk to your doctor if you have any questions or concerns. It is important to tell your doctor about all other medications you use, including vitamins and herbs. Do not stop using any medications without first talking to your doctor.

Switch to professional interaction data

## Drug and food interactions

Moderate **hydrOXYzine <> food**
Applies to: hydroxyzine

Alcohol can increase the nervous system side effects of hydrOXYzine such as dizziness, drowsiness, and difficulty concentrating. Some people may also experience impairment in thinking and judgment. You should avoid or limit the use of alcohol while being treated with hydrOXYzine. Do not use more than the recommended dose of hydrOXYzine, and avoid activities requiring mental alertness such as driving or operating hazardous machinery until you know how the medication affects you. Talk to your doctor or pharmacist if you have any questions or concerns.

Switch to professional interaction data

Moderate **gabapentin <> food**
Applies to: gabapentin

Alcohol can increase the nervous system side effects of gabapentin such as dizziness, drowsiness, and difficulty concentrating. Some people may also experience impairment in thinking and judgment. You should avoid or limit the use of alcohol while being treated with gabapentin. Do not use more than the recommended dose of gabapentin, and avoid activities requiring mental alertness such as driving or operating hazardous machinery until you know how the medication affects you. Talk to your doctor or pharmacist if you have any questions or concerns.

January 5, 2010 – Judge Gary Hill      *Evidence that I was misinformed.*

## ACKNOWLEDGEMENT OF RIGHTS GIVEN UP BY ENTERING GUILTY PLEA

STATE OF SOUTH CAROLINA                    )          IN THE COURT OF GENERAL SESSIONS

COUNTY OF Florence                          )

The State of South Carolina,               )          INDICTMENT NO(S):
                                           )
Plaintiff,                                 )          2018-GS-21-1520
                                           )          2018-GS-21-1523
v.                                         )
                                           )          _____
James E. Hutchinson,                       )
                                           )          _____          April 19 = 263 days
Defendant.                                 )                                    .5/24/2040
                                           )          _____
                                           )

The Defendant desires to plead guilty to _2 counts of Burglary 1st_ and certifies to the Court
that the answers to the following are true:

3.    Has anyone promised you anything else, threatened you or put any pressure on you to get you to plead guilty?
      _No other than notice of intent to seek LWOP ☒ ☒_

11.   Do you understand that at a trial you would have no burden of proof, and that the burden would instead be

      entirely on the State to prove you were guilty, <u>and</u> you could only be found guilty if <u>all</u> 12 jurors agreed

      that the State had proven each and every element of the crime against you beyond a reasonable doubt?

      YES _✗_          NO _____

DATE: _January 7, 2019_          _____
                                 Defendant's Signature

I certify that the above questions were answered by the Defendant after a full explanation of each question by
the undersigned and in my opinion the Defendant understands the elements of the crime(s), the possible
punishment(s) and his/her Constitutional rights that will be waived if the plea is accepted.

DATE: _January 7, 2019_          _Caroline B. Lawson_
                                 Signature of Attorney for the Defendant

                                 Attorney's Name Printed: _Caroline B. Lawson_

*Also evidence I was coerced.*

## ARREST WARRANT

# 2018A2110100306

### STATE OF SOUTH CAROLINA

[X] County/    [ ] Municipality of

Florence

| | | | |
|---|---|---|---|
| | THE STATE | | 2018-04-0250 |

against

James Edgar Hutchinson

Address:   5308 E Old Marion Hwy Lot 1

Florence, SC 29506-9080

Phone:     SSN: ▓▓▓▓

Sex: M   Race: W   Height: 5 9   Weight: 165

DL State: SC   DL #: 008743977

DOB: 1/27/1971   Agency ORI #: SC0210000

Prosecuting Agency: Florence County Sheriff

Prosecuting Officer: James Allen, III - S00244

Offense: Burglary / Burglary (After June 20, 1985) - First degree

Offense Code: 0079

Code/Ordinance Sec: 16-11-0311

This warrant is **CERTIFIED FOR SERVICE** in the

[ ] County/    [ ] Municipality of

. The accused is to be arrested and brought before me to be dealt with according to the law.

(L.S.)

_____
Signature of Judge

Date: _____

### RETURN

A copy of this arrest warrant was delivered to defendant James Hutchinson on 4/19/18

_____
Signature of Constable/Law Enforcement Officer

**RETURN WARRANT TO:**

General Sessions Court
181 North Irby Street, Suite 1100
Florence, SC 29501

*ORIGINAL*     *ORIGINAL*

---

Form Approved by
S.C. Attorney General
April 21, 2003
SCCA 518

**STATE OF SOUTH CAROLINA** )
[X] County/   [ ] Municipality of )
Florence )

*ORIGINAL*     **A F F I D A V I T**

Personally appeared before me the affiant James Allen, III who being duly sworn deposes and says that defendant James Edgar Hutchinson did within this county and state on or about 4/10/2018 violate the criminal laws of the State of South Carolina (or ordinance of [X] County/ [ ] Municipality of Florence ) in the following particulars:

**DESCRIPTION OF OFFENSE:** Burglary / Burglary (After June 20, 1985) - First degree

I further state that there is probable cause to believe that the defendant named above did commit the crime set forth and that probable cause is based on the following facts:

On or about 4/10/2018 the defendant did commit the crime of Burglary 1st Degree by entering the victim's residence during the daytime without permission. Once inside the defendant then removed a television belonging to the victim and sold it to a pawn shop in a nearby municipality. The defendant was identified through records obtained from the pawn shop. The defendant has two prior convictions for burglary. This incident occurred at 2518 E. Old Marion Hwy. Florence, located in Florence County. This case was investigated by the FCSO. CASE# 2018-04-0250

_____
Signature of Affiant

**STATE OF SOUTH CAROLINA** )
[X] County/   [ ] Municipality of )
Florence )

Affiant's Address   6719 Friendfield Road
Effingham, SC 29541-

Affiant's Telephone (843)665-2121

### ARREST WARRANT

**TO ANY LAW ENFORCEMENT OFFICER OF THIS STATE OR MUNICIPALITY OR ANY CONSTABLE OF THIS COUNTY:**

It appearing from the above affidavit that there are reasonable grounds to believe that on or about 4/10/2018 defendant James Edgar Hutchinson did violate the criminal laws of the State of South Carolina (or ordinance of [X] County/ [ ] Municipality of Florence ) as set forth below:

**DESCRIPTION OF OFFENSE:** Burglary / Burglary (After June 20, 1985) - First degree

Having found probable cause and the above affiant having sworn before me, you are empowered and directed to arrest the said defendant and bring him or her before me forthwith to be dealt with according to law. A copy of this Arrest Warrant shall be delivered to the defendant at the time of its execution, or as soon thereafter as is practicable

Sworn to and subscribed before me on 4/18/2018 )

_____ (L.S.) )
Signature of Issuing Judge
Tommy G. Mourounas
Judge Code: 7232

Judge's Address   180 North Irby Street (Msc-W)
Florence, SC 29501-3456

Judge's Telephone (843)665-0031

Issuing Court: [X] Magistrate   [ ] Municipal   [ ] Circuit

*ORIGINAL*    *ORIGINAL*    *ORIGINAL*    *ORIGINAL*    *ORIGINAL*    *ORIGINAL*    *ORIGINAL*

## ARREST WARRANT

# 2018A2110100307

### STATE OF SOUTH CAROLINA

[X] County/    [ ] Municipality of

Florence

|  |  |
|---|---|
| THE STATE | 2108-04-0223 |

against

James Edgar Hutchinson

Address: 5308 E Old Marion Hwy Lot 1

Florence, SC 29506-9080

Phone:      SSN: ~~████~~

Sex: M   Race: W   Height: 5 9   Weight: 165

DL State: SC   DL #: 008743977

DOB: 1/27/1971   Agency ORI.#: SC0210000

Prosecuting Agency: Florence County Sheriff

Prosecuting Officer: James Allen, III - S00244

Offense: Burglary / Burglary (After June 20, 1985) - First degree

Offense Code: 0079

Code/Ordinance Sec: 16-11-0311

This warrant is **CERTIFIED FOR SERVICE** in the

[ ] County/    [ ] Municipality of

The accused is to be arrested and brought before me to be dealt with according to the law.

(L.S.)

Signature of Judge

Date:

### RETURN

A copy of this arrest warrant was delivered to defendant on

_James Hutchinson_

_4/19/18_

Signature of Constable/Law Enforcement Officer

**RETURN WARRANT TO:**

General Sessions Court
181 North Irby Street, Suite 1100
Florence, SC 29501

---

### STATE OF SOUTH CAROLINA

[X] County/    [ ] Municipality of

Florence

**AFFIDAVIT**     **ORIGINAL**

Form Approved by
S.C. Attorney General
April 21, 2003
SCCA 518

Personally appeared before me the affiant James Allen, III who being duly sworn deposes and says that defendant James Edgar Hutchinson did within this county and state on or about 4/9/2018 violate the criminal laws of the State of South Carolina (or ordinance of [X] County/ [ ] Municipality of Florence ) in the following particulars:

**DESCRIPTION OF OFFENSE:** Burglary / Burglary (After June 20, 1985) - First degree

I further state that there is probable cause to believe that the defendant named above did commit the crime set forth, and that probable cause is based on the following facts:

On or about 4/9/2018 the defendant did commit the crime of Burglary 1st Degree by entering the victim's residence during the daytime without permission. Once inside the defendant then removed a television belonging to the victim and sold it to a pawn shop in a nearby municipality. The defendant was identified through records obtained from the pawn shop. The defendant has two prior convictions for burglary. This incident occurred at 2518 E. Old Marion Hwy. Florence, located in Florence County. This case was investigated by the FCSO. Case#2018-04-0223

Signature of Affiant

### STATE OF SOUTH CAROLINA

[X] County/    [ ] Municipality of

Florence

Affiant's Address: 6719 Friendfield Road Effingham, SC 29541-

Affiant's Telephone (843)665-2121

### ARREST WARRANT

**TO ANY LAW ENFORCEMENT OFFICER OF THIS STATE OR MUNICIPALITY OR ANY CONSTABLE OF THIS COUNTY,**

It appearing from the above affidavit that there are reasonable grounds to believe that on or about 4/9/2018 defendant James Edgar Hutchinson did violate the criminal laws of the State of South Carolina (or ordinance of [X] County/ [ ] Municipality of Florence ) as set forth below:

**DESCRIPTION OF OFFENSE:** Burglary / Burglary (After June 20, 1985) - First degree

Having found probable cause and the above affiant having sworn before me, you are empowered and directed to arrest the said defendant and bring him or her before me forthwith to be dealt with according to law. A copy of this Arrest Warrant shall be delivered to the defendant at the time of its execution, or as soon thereafter as is practicable

Sworn to and subscribed before me on 4/18/2018

(L.S.)

Signature of Issuing Judge

Tommy G. Mourounas

Judge Code: 7232

Judge's Address: 180 North Irby Street (Msc-W)
Florence, SC 29501-3456

Judge's Telephone (843)665-0031

Issuing Court: [X] Magistrate   [ ] Municipal   [ ] Circuit

**ORIGINAL**    **ORIGINAL**    **ORIGINAL**    **ORIGINAL**    **ORIGINAL**

STATE OF SOUTH CAROLINA )

COUNTY OF FLORENCE )

INDICTMENT FOR

BURGLARY FIRST DEGREE

At a Court of General Sessions, convened on AUGUST 23, 2018 the Grand Jurors of FLORENCE County present upon their oath:

## COUNT ONE- BURGLARY FIRST DEGREE

That **James Edgar Hutchinson** did in Florence County on or about April 9, 2018, willfully and unlawfully enter the dwelling of Rita Patillo located at 2518 East Old Marion Highway, without consent and with the intent to commit a crime therein, and after having two prior convictions for burglary, in violation of the Common Law and Section 16-11-311, S. C. Code of Laws, 1976, as amended.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

E.L. Clements, III
TWELFTH CIRCUIT SOLICITOR



STATE OF SOUTH CAROLINA )

COUNTY OF  FLORENCE        )

INDICTMENT FOR

BURGLARY FIRST DEGREE

At a Court of General Sessions, convened on AUGUST 23, 2018 the Grand Jurors of FLORENCE County present upon their oath:

## COUNT ONE- BURGLARY FIRST DEGREE

That **James Edgar Hutchinson** did in Florence County on or about April 10 2018, willfully and unlawfully enter the dwelling of Rita Patillo located at 2518 East Old Marion Highway, without consent and with the intent to commit a crime therein, and after having two prior convictions for burglary, in violation of the Common Law and Section 16-11-311, S. C. Code of Laws, 1976, as amended.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

E.L. Clements, III
TWELFTH CIRCUIT SOLICITOR

STATE OF SOUTH CAROLINA ) IN THE COURT OF GENERAL SESSIONS

COUNTY OF Florence )
STATE VS. )
James Edgar Hutchinson )
AKA: )

Race: White Sex: M Age: 47 )
DOB: 01-27-1971 SS~~#~~ )
Address: 5308 E Old Marion Hwy Lot 1 )
City,State,Zip: Florence, SC 29506-9080 )
DL#: 008743977 SID#: )

INDICTMENT/CASE#: 2018-GS-21-01520
A/W#: 2018A2110100307
Date of Offense: 4/9/2018
S.C. Code § : 16-11-0311
CDR Code #: 0079

SENTENCE SHEET

*CDL Yes ☐ No ☐ CMV Yes ☐ No ☐ Hazmat Yes ☐ No ☐
In disposition of the said indictment comes now the Defendant who was ☐ CONVICTED OF or ☒ PLEADS
TO: Burglary / Burglary (After June 20, 1985) - First degree (15 - life)
in violation of § 16-11-0311 of the S.C. Code of Laws, bearing CDR Code # 0079
☐ NON-VIOLENT ☒ VIOLENT ☐ SERIOUS ☒ MOST SERIOUS ☐ Mandatory GPS ☐ §17-25-45
(CSC w/minor 1st or CSC w/minor 3rd)
The charge is: ☒ As Indicted. ☐ Lesser Included Offense. ☐ Defendant Waives Presentment to Grand Jury. _____ (defendant's initials)
The plea is: ☐ Without Negotiations or Recommendation, ☒ Negotiated Sentence, ☐ Recommendation by the State.
ATTEST: 26 year cc

_(signature)_ Solicitor 9826 SC Bar# _(signature)_ Defendant _(signature)_ Attorney for Defendant SC Bar#

WHEREFORE, the Defendant is commited to the ☒ State Department of Corrections, ☐ County Detention Center,

for a determinate term of 26 days/months/years or ☐ under the Youthful Offender Act not to exceed _____ years
and/or to pay a fine of $ _____ ; provided that upon the service of _____ days/months/years and/or payment
of $ _____ ; plus costs and assessments as applicable*; the balance is suspended with probation for _____
months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions of
probation, which are incorporated by reference.
☒ CONCURRENT or ☐ CONSECUTIVE to sentence on: 2018-GS-21-1523
☒ The Defendant is to be given credit for time served pursuant to S.C. Code § 24-13-40 to be calculated and applied by the SCDOC.
Credit for 263 days
☐ The Defendant is to be placed on the Central Registry of Child Abuse and Neglect pursuant to S.C. Code §17-25-135.
Pursuant to 18 U.S.C Section 922, it is unlawful for a person convicted of a violation of Section 16-25-20 or 16-25-65 (Domestic
Violence ) to ship, transport, possess, or receive a firearm or ammunition.

SPECIAL CONDITIONS:
☐ RESTITUTION: ☐ Deferred ☐ Def. Waives Hearing ☐ Ordered PTUP _____
Total: $ _____ plus 20% fee: $ _____ _____ days/hours Public Service Employment
Payment Terms: _____
☐ Set by SCDPPPS _____
Obtain GED ☐
Attend Voc. Rehab. or Job Corp. _____
May serve W/E begining _____
Substance Abuse Counseling ☐
Recipient: _____
Random Drug/Alcohol testing ☐
Fine may be pd. in equal, consecutive weekly/monthly
pmts. of $ _____ beginning _____
$ _____ paid to Public Defender Fund
Other: _____

| *Fine: | | $ |
|---|---|---|
| § 14-1-206 (Assessments 107.5 %) | | $ |
| § 14-1-211(A)(1) (Conv. Surcharge) | $100 | $ |
| § 14-1-211(A)(2) (DUI Surcharge) | $100 | $ |
| § 56-5-2995 (DUI Assessment) | $12 | $ |
| § 56-1-286 (DUI Breath Test) | $25 | $ |
| Proviso (Public Def/Probation) | $500 | $ |
| § 14-1-212 (Law Enforce. Funding) | $25 | $ 25.00 |
| § 14-1-213 (Drug Court Surcharge) | $150 | $ |
| § 50-21-114 (BUI Breath Test Fee) | $50 | $ |
| § 56-5-2942(J) (Vehicle Assessment) | $40/ea | $ |
| 3% to County (if paid in installments) | | $ .75 |

☐ Appointed PD or appointed other counsel.
§Proviso requires $500 be paid to Clerk
during probation and shall be collected before
any other fees.
Presiding Judge _(signature)_
Judge Code: 214
Sentence Date 1-3-2019

TOTAL $ _____

Clerk of Court/ Deputy Clerk. _(signature)_
Court Reporter: _(signature)_
SCCA/217 (04/2018)

STATE OF SOUTH CAROLINA ) IN THE COU___ OF GENERAL SESSIONS

COUNTY OF ___Florence___ )

STATE ___VS.___ )

___James Edgar Hutchinson___ )

AKA: ___ )

Race: __White__ Sex: __M__ Age: __47__ )

DOB: __01-27-1971__ SS#: ███████ )

Address: __5308 E Old Marion Hwy Lot 1__ )

City,State,Zip: __Florence, SC 29506-9080__ )

DL#: __008743977__ SID#: ___ )

INDICTMENT/CASE#: ___2018-GS-21-01523___

A/W#: ___2018A2110100306___

Date of Offense: __4/10/2018__

S.C. Code § : __16-11-0311__

CDR Code #: __0079__

**SENTENCE SHEET**

*CDL Yes ☐ No ☐ CMV Yes ☐ No ☐ Hazmat Yes ☐ No ☐

In disposition of the said indictment comes now the Defendant who was      ☐ CONVICTED OF or    ☒ PLEADS

TO: Burglary / Burglary (After June 20, 1985) - First degree   (15. life)

in violation of § __16-11-0311__ of the S.C. Code of Laws, bearing CDR Code # __0079__

☐ NON-VIOLENT   ☒ VIOLENT   ☐ SERIOUS   ☒ MOST SERIOUS   ☐ Mandatory GPS   ☐ §17-25-45
(CSC w/minor 1st or CSC w/minor 3rd)

The charge is: ☒ As Indicted, ☐ Lesser Included Offense. ☐ Defendant Waives Presentment to Grand Jury. _____ (defendant's initials)

The plea is: ☐ Without Negotiations or Recommendation, ☒ Negotiated Sentence, ☐ Recommendation by the State.

ATTEST:    9826    26 years SS

__John Jepertinger__ __9826__ __(Defendant)__ __Carolyn B Lawson 102296__

(Solicitor) SC Bar# Defendant Attorney for Defendant SC Bar#

WHEREFORE, the Defendant is committed to the   ☒ State Department of Corrections, ☐ County Detention Center,

for a determinate term of __26__ days/months/years or ☐ under the Youthful Offender Act not to exceed _____ years

and/or to pay a fine of $ _____ ; provided that upon the service of _____ days/months/years and/or payment

of $ _____ ; plus costs and assessments as applicable*; the balance is suspended with probation for_____

months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions of probation, which are incorporated by reference.

☒ CONCURRENT or ☐ CONSECUTIVE to sentence on: __2018-GS-21-1520__

☒ The Defendant is to be given credit for time served pursuant to S.C. Code §24-13-40 to be calculated and applied by the SCDOC.
   Credit for 263 days

☐ The Defendant is to be placed on the Central Registry of Child Abuse and Neglect pursuant to S.C. Code §17-25-135.

Pursuant to 18 U.S.C Section 922, it is unlawful for a person convicted of a violation of Section 16-25-20 or 16-25-65 (Domestic Violence ) to ship, transport, possess, or receive a firearm or ammunition.

**SPECIAL CONDITIONS:**

☐ RESTITUTION: ☐ Deferred ☐ Def. Waives Hearing ☐ Ordered   PTUP _____

Total $ _____ plus 20% fee: $ _____

Payment Terms: _____

☐ Set by SCDPPPS _____

Recipient: _____

_____ days/hours Public Service Employment

Obtain GED ☐

Attend Voc. Rehab. or Job Corp. _____

May serve W/E begining _____

Substance Abuse Counseling ☐

Random Drug/Alcohol testing ☐

Fine may be pd. in equal, consecutive weekly/monthly pmts. of $ _____ beginning _____

$ _____ paid to Public Defender Fund

Other: _____

| *Fine: | | $ |
|---|---|---|
| § 14-1-206 (Assessments 107.5 %) | | $ |
| § 14-1-211(A)(1) (Conv. Surcharge) | $100 | $ 100.00 |
| § 14-1-211(A)(2) (DUI Surcharge) | $100 | $ |
| § 56-5-2995 (DUI Assessment) | $12 | $ |
| § 56-1-286 (DUI Breath Test) | $25 | $ |
| Proviso (Public Def/Probation) | $500 | $ |
| § 14-1-212 (Law Enforce. Funding) | $25 | $ 25.00 |
| § 14-1-213 (Drug Court Surcharge) | $150 | $ |
| § 50-21-114 (BUI Breath Test Fee) | $50 | $ |
| § 56-5-2942(J) (Vehicle Assessment) | $40/ea | $ |
| 3% to County (if paid in installments) | | $ 3.75 |
| TOTAL | | $ 128.75 |

☐ Appointed PD or appointed other counsel, §Proviso requires $500 be paid to Clerk during probation and shall be collected before any other fees.

Presiding Judge _____

Judge Code: __2141__

Sentence Date: __1-3-2019__

Clerk of Court/ Deputy Clerk _____

Court Reporter: _____

| State of South Carolina | ) | Court of General Sessions |
|---|---|---|
| | ) | Twelfth Judicial Circuit |
| County of Florence | ) | Case No. 2018-GS-21-01520 |
| | ) | Case No. 2018-GS-21-01523 |

State of South Carolina,

             Plaintiff,

  -vs-                    Transcript of Record

James Edgar Hutchinson,

             Defendant.

January 8, 2019
Florence, South Carolina

B E F O R E:

The Honorable Thomas A. Russo, Judge

A P P E A R A N C E S:

John Jepertinger, Esquire
Attorney for the Plaintiff

Caroline Lawson, Esquire
Attorney for the Defendant

Krystal J. Smith
Circuit Court Reporter

their accusers or to confront their accusers. What that means is during that jury trial you would have the right to question those witnesses, to cross-examine those State's witnesses. That is your right of confrontation under the Constitution.

You have the right to challenge any evidence the State would put up against you, but when you plead guilty by entering that plea of guilt, you give up that presumption of innocence that I spoke about, you relieve the State of their burden of proof and, since they don't have to prove your guilt, they don't have to bring their witnesses into court and so you waive or you give up the right to confront those folks.

Now, the State is not the only one that can call witnesses at a trial or to present evidence. You could present evidence in your defense. You could call witnesses. You yourself could testify. You could do either one of those things or you could do both of those things, but the important thing to understand is this: You don't have to do anything.

In this country, a person charged with a criminal offense is never required to prove him or herself innocent. The burden of proof is on the State to prove guilt. You don't have to prove anything. You could remain silent and, if you chose to remain silent, I would instruct the jury that

that is your constitutional right and that they could not consider your exercise of that right during their deliberations. As a matter of fact, I would take it a step further and tell them that the fact that you chose to remain silent could not even be discussed in the jury room. They're to give it no consideration whatsoever because you don't have to prove anything. The burden of proof is on the State to prove guilt.

Now, the State has to prove guilt to a unanimous decision. In other words, they have to convince all twelve members of the jury that you are guilty or they cannot convict you. But if you did go forward with a jury trial and if you were convicted, you could appeal that conviction to a higher court, if you felt that was appropriate.

Now, these are the rights that we all have, but if you decide to go forward with a guilty plea, then for purposes of your plea you waive or you give up these rights, you will not have a jury trial, and your case will be resolved pursuant to your plea.

Like I said earlier, if you have any questions about anything that I just went over, I'll give you whatever time you need to talk to your lawyer and have those questions answered, but it's important that you understand these rights if you go forward because if you go forward with a plea, then for purposes of that plea you waive or you give up these

MR. JEPERTINGER: Your Honor, in regards to this case, this defendant also has two separate other indictments of 1644, which is a burglary second degree, and 16 -- excuse me. 1644 is a burglary third-degree, second offense, and a burglary second-degree on 1645. So we're dismissing two burglary cases on him as well.

THE COURT: All right.

MR. JEPERTINGER: It's also my understanding that there may be -- I don't know if they've served it or if they're holding it in Marion County -- another burglary warrant or some sort of warrant there. If they do, I'm going to take care of that and it won't be served and that'll be taken care of over in Marion County as well. I have --

THE COURT: Okay. So this would resolve any matters --

MR. JEPERTINGER: Yes, sir.

THE COURT: -- in the 12th Circuit that Mr. Hutchinson may have?

MR. JEPERTINGER: That is correct.

MS. LAWSON: I have searched the public index high and low and made calls. I can't find anything with respect to his -- he was concerned about the burglary --

THE COURT: Yeah.

MS. LAWSON: -- or any kind in charge in Marion. I can't find anything.

MR. JEPERTINGER: I don't think they've served him, and

-9-

that's -- you know.  So I don't think --

THE COURT:  All right.

MR. JEPERTINGER:  If they do, I'm going to handle it.

THE COURT:  You're going to handle that and they're going to be dismissed?

MR. JEPERTINGER:  They're going to be dismissed.  If they serve him, they're going to be dismissed.

THE COURT:  All right.

MR. JEPERTINGER:  So that will --

THE COURT:  All right.  So this plea here today resolves any matters in the 12th Circuit involving Mr. Hutchinson?

MR. JEPERTINGER:  Absolutely.

THE COURT:  All right.  Thank you, sir.

MR. JEPERTINGER:  Yes, sir.

THE CLERK:  Sir, will you please raise your right hand?  Do you swear to tell the truth, the whole truth, and nothing but the truth, so help you God?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  All right.  Sir, you are James Edgar Hutchinson; is that correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Mr. Hutchinson, Indictment 2018-GS-21-1520 and 2018-GS-21-1523, both of those indictments are indictments for burglary in the first degree.  Each of those individually carries 15 -- anywhere from 15

- 10 -

charges of your own free will, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  And are you guilty of these two burglaries, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  I'm going to ask Mr. Jepertinger to go over the facts for me briefly.  If you'd listen carefully, I'll get back with you in just a moment.

MR. JEPERTINGER:  Okay.

THE COURT:  Mr. Jepertinger?

FACTS

MR. JEPERTINGER:  Your Honor, these were both daytime burglaries of a residence.  The enhancement provisions to elevate this to a burglary first would have been his prior record.  He had two or more prior burglaries, and let me put those on the record.

Back on 4/29/99, he pled guilty to a burglary, second offense, nonviolent, and a grand larceny, but he had that burglary second offense back in '99.  And then on December the 5th, 2002, he also had a burglary second, nonviolent, a burglary first degree, and another burglary first degree that he pled guilty to.  On that date that I just mentioned, he received a 15-year sentence on those burglary first degrees, Your Honor, and I think he was out for about maybe two years before the current offenses occurred.

conforming to our normal rules that we need to conform to. He got out in 2015. A lot of good things happened for him. He tells me that year was the best year of his life. He got back with this high school sweetheart, married his wife Marie, and began remodeling work for a lot of people around here that you and I both know. He's a very skilled laborer, was making decent money.

However, kind of later on, probably about a year later, he developed diverticulosis. He goes to the hospital, is prescribed Percocets. He starts using those. That prescription runs out. Not too much longer, he falls at work and injured his back. What do you know? He's prescribed Percocets again. A couple months later, he gets in a really bad car accident here in Florence, is prescribed more pain medication.

He just -- after each incident, his prescription would run out. He is on a constant hunt for money trying to figure out how to get his next amount of pills that's going to give him the same high that he's gotten before.

He thinks that it's important for you to know and so do I that none of these crimes were violent, while it was a horrible violation of Ms. Pattillo's safety. I told him this is the worst position to put a woman that lives by herself in. I live alone. The thought of somebody coming in and taking something from me just during the day and me coming

State of South Carolina         )

                                )        Certificate

County of Florence              )


    I, the undersigned, Krystal J. Smith, Notary Public and Official Court Reporter for the Twelfth Judicial Circuit of the State of South Carolina, do hereby certify that the foregoing pages, numbered 1 through 21, constitute a true, accurate, and complete Transcript of Record of all the proceedings had and evidence introduced in the hearing of the above captioned case, relative to appeal, in the Court of General Sessions for Florence County, South Carolina, on the 8th day of January, 2019.

    I do further certify that I am neither of kin, counsel, nor interest to any party hereto.

_Krystal J. Smith_

Court Reporter


Florence, South Carolina

October 6, 2020

- 22 -

## Actual Innocence under Sentence Enhancements

I am actually Innocent of the crime of conviction in 2002-GS-21-1670. I did not committ a nighttime burglary on June 10th 2002 See S.C. Almanac for June 10th 2002 Sunrise at 6:16 a.m & Sunset at 8:41 P.m. I am not guilty of this offense and I was railroaded into an involuntary guilty plea in violation of my due process where there was no Factual basis to support the guilty plea and but for the constitutional error no rational juror or trier of fact could have concluded guilt beyond a reasonable doubt. It is a Fundamental miss carriage of justice. The prosecutor did use this wrongful 2002 conviction that would not have supported 17-25-45 Luop sentence had it been re-opened to show its invalidity, thus the evidence was insufficient to warrant a life sentence and prosecutor used illusory threats with this prior to induce current involuntary plea where I was also told and misinformed by counsel and the court that I had no burden of proof and there was nothing I could do. See Hicks V. Franklin 546 F.3 d.1279 (10 ca 2008) Counsel failed to correct courts erroneous burden of proof instructions as to the crucial elements of the offense. Had I been properly informed I would not have plead guilty but would have insisted on a trial Hill V. Lockhart 106 Sct. 366 (1985).

Actual Innocence under Sentence
Enhancements cont.

I am not guilty of the crime of the conviction. The state is holding me in prison in violation of my due process inflicting cruel & unusual punishment. Please grant me relief from this current sentence and being classified as a second violent offender that am innocent of and did object to at my guilty plea where counsel placed on the record that none of my crimes were violent. United State v. Abney 957 F3d. 241 (D.C. 2020), Schmidt v. State 909 Nw2d 778 (2018), Boyd v. U.S. 2014 WL 1653065. I did not committ nighttime burglary on this said occasion. I am innocent of the crime of conviction. U.S. v. Maybeck 23 f3d. 888 (4 ca 1994). Dretke v. Haley 124 Sct. 1847 (2004), Invalidity of prior conviction or sentence as ground for habeas corpus where one sentenced as second offender 171 ALR. 541 (1947). Sylva v. Zahradnick 455 F. supp. 331 (E.D. Va. 1978), SC Code 17-23-130 through 150, State v. Mcneil 445 Se2d. 461 (1994). Compliance is mandatory. Through administrative error my waiver of indictment was invalid. also being jurisdictionally defective, I am also innocent as a second violent offender. People v. Johnson 591 N.Y.S.2d. 275 (1992). also by defective charging instrument see Wells v. Sacks 184 Ne2d. 449 (1962). State v. Huntley 473 A2d. 859 (1984), State v. Keys 449 P3d. 83 (2021), Patterson v. New York 97 S Ct. 52 (1976).

STATE OF SOUTH CAROLINA )    IN THE COURT OF GENERAL SESSIONS
                        )    INDICTMENT/CASE#:

COUNTY OF FLORENCE )

STATE       VS.        )    02 -GS- 21 - 670

JAMES EDGAR HUTCHINSON )    A/W#: H-032229-31

AKA:_____ )    Date of Offense: 6/10/02

Race: W   Sex: M   Age: 31 )    S.C. Code §: 16-11-311

DOB: 1/27/71 SS#: 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 )    CDR Code #: 0 1 0 1 7 1 9

Address: 5166 Timmonsville Hwy )    ☐ CASE RESTORED

Timmonsville SC 29161 )

DL#_____ SID#:_____ )    SENTENCE

                              )    ☒ PLEA    ☐ TRIAL

In disposition of the said indictment comes now the Defendant who was  ☐ CONVICTED OF or ☒ PLEADS
TO: Burglary 1st Degree
in violation of § 16-11-311  of the S.C. Code of Laws, bearing CDR Code # 0 1 0 1 7 1 9

☐ NON-VIOLENT    ☒ VIOLENT    ☐ SERIOUS    ☒ MOST SERIOUS    ☐ 17-25-45

The charge is:   ☐ As Indicted,   ☐ Lesser Included Offense,   ☒ Defendant Waives Presentment to Grand Jury.
The plea is: ☐Without Negotiations or Recommendation, ☒ Negotiated Sentence, ☐Recommendation by the State.

ATTEST:

_____      _____      _____
    Solicitor                      Defendant                   Attorney for Defendant

WHEREFORE, the Defendant is committed to the ☒ State Department of Corrections, ☐ County Detention Center,
for a determinate term of   15   days/months/years or ☐under the Youthful Offender Act not to exceed _____ years
and/or to pay a fine of $ _____; provided that upon the service of _____ days/months/years and/or payment
of $_____; plus costs and assessments as applicable*; the balance is suspended with probation for _____
months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions of
probation, which are incorporated by reference.

☒ The Defendant is to be given credit for _____ days/months jail time.    CERTIFIED: A TRUE COPY
☐ CONCURRENT  or  ☐ CONSECUTIVE to sentence on: _____
                    SPECIAL CONDITIONS:    Connie R. Bell

☐ RESTITUTION: ☐Heard, ☐Waived, ☐Ordered    PTUP _____
Total: $_____ plus 20% fee: $_____    _____days/hours Public Service Employment & G.
Payment Terms:_____    Obtain GED _____    CLERK OF COURT, C.T.
  ☐ set by SCDPPPS_____    FLORENCE COUNTY, S. C.
                              Attend Voc Rehab. or Job Corps_____
                              May serve W/E beginning _____
Recipient:_____    Substance Abuse Counseling _____
*Fine:.........................$_____    Random Drug/Alcohol Testing _____
§14-1-206 (Assessments 100%).....$_____    Fine may be pd. in equal, consecutive weekly/monthly
§14-1-211(A)(1) (Surcharge).......$ 100.00    pmts. of $_____ beginning _____
§14-1-211(A)(2) (Surcharge).......$_____    $_____ paid to Public Defender Fund.
§56-5-2995 (DUI Assessment)......$_____    Other: admit to ATU
3% to County (if paid in installments)....$ 3.00    _____
TOTAL.....................$ 103.00

                        PRESIDING JUDGE_____
_____    Judge Code: _____
Clerk of Court/ Deputy Clerk    Sentence Date: 12-5-02
Court Reporter: P. McDaniel

*Except from 2006 PCR hearing to show proof it was not a nighttime burglary and the waiver of presentment defective.*

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF FLORENCE ) 06-CP-21-375

)

JAMES EDGAR HUTCHINSON, )
)
                    Applicant, )
)
        -vs- )
)  TRANSCRIPT OF RECORD
)
THE STATE, )
)
                    Respondent. )

October 2, 2006
Florence, South Carolina


B E F O R E :

        THE HONORABLE MICHAEL G. NETTLES, Judge.


A P P E A R A N C E S :

        CHARLES T. BROOKS III, Esquire
        Attorney for the Applicant

        SABRINA C. TODD, Esquire
        Assistant Attorney General
        Attorney for the Respondent


                    PATRICIA A. McDANIEL
                    Circuit Court Reporter

46

James Edgar Hutchinson - Direct by Mr. Brooks          15

all that stuff. And I -- When I got my indictment in the mail, I started studying it; and I -- I looked up different cases that in -- you know, relating to my mine; and, in order for a first degree burglary to be proved, the State has got to prove every aggravated circumstance that's listed in the body of the indictment.

And in my indictment, they had that Mr. Hutchinson entered the dwelling of the person that's in the indictment on the two burglary, firsts, and that -- without consent, and that I entered or remained in the nighttime hours.

But when I was taking my guilty plea, I just went with the flow because I was scared that -- when my lawyers told me that I needed to accept the plea to -- to say yes to everything because, if I didn't, the judge might back out of his guilty plea and not go with the fifteen (15). So I just went on with the plea bargain as it was.

Q.  Okay. Now, you indicated an issue with the indictment or waiver of presentment of the indictment to the grand jury? There was an issue about that? Explain to the court what your issue is with that.

A.  Well, when you -- Well, there's three things. I'm -- I know y'all know all these things, but I meant -- I'm -- Well, if my impression is that you've got to -- There's three thing- -- Three -- One of three things has got to

47

James Edgar Hutchinson - Direct by Mr. Brooks                16

take place before a -- a valid guilty plea can take place. You've either got to plead out to the lesser-included offense; or you'll get true-billed, presented with a valid true-billed indictment; or you can waive a -- a valid waiver of presentment.

And in order for a valid waiver of presentment to take place, the Clerk of Court is s'posed to witness you signing your sentencing sheet or your indictment. And in that place -- In that case, mine never took place. Whenever I signed my sentencing sheets, it was in the jury room back in the back. And the only people that was back there was my lawyer and the prosecutor and my mother.

Q.    Now, let me ask you this: James, if -- if Mr. Hill had raised an issue about that or had waited for you to be indicted, how -- how do you feel that that would have changed what you did in your case by pleading guilty?

A.    Well, I was under the impression that I was already indicted and that they was prepared to go to trial with that indictment because, on the face of the indictment, it says that on December 4th the grand jurors of Florence County convened on that indictment and that it appeared that they was ready to go forward with that indictment; and, had we went forward with that particular indictment, we could have proceeded to trial; and, with his opening statements, he could have requested, from the judge, a

300

Stephen Lawrence Hill - Direct by Ms. Todd                    37

years as a part of P.C.R.s.

Q.    Uh-huh.

A.    I -- I didn't.

Q.    Okay.

A.    But -- But --.

Q.    Did you see any basis for challenging the indictment for failure to obtain an indictment within ninety (90) days of arrest?

A.    No.  Because we were completing a waiver at -- It was a waiver, and he was pleading pursuant to a waiver.  So any arguments that we would have made along those lines, we were forfeiting.

Q.    And that would also -- That answer would also be sufficient for it not being filed -- the indictment not being filed with the clerk?

A.    Certainly.

Q.    And for the clerk not being present for the waiver itself?

A.    Technically, the law has changed at this point.

Q.    Uh-huh.

A.    Technically, he's -- may have a valid argument to that point.

Q.    Okay.

A.    But if he's still produced -- The waiver was taken on the record, and -- but---

A.    Apparently so if I stepped over to Mr. Jepertinger and pointed out that for the plea to be correct and for this not to come back, as it has today or even on appeal, that we needed to make sure that the correct circumstances were made a part of the record and that he had a record of two or more burglaries and/or housebreakings.

Q.    And was that, to your understanding, explained fully to Mr. Hutchinson?

A.    That particular amendment?  I can't tell you that because apparently this happened during the plea.

Q.    Okay.

THE COURT:  Is it -- Might I interrupt.  Is it that everybody's understanding that the case of St- -- Jackson vs. State essentially says it's not a -- ineffective asent- -- ineffective assistance of counsel not to advise an individual about community service because it is, in fact, a collateral consequence of a sentence?  Is that your understanding of the law?

MR. BROOKS:  Judge, I -- I -- That would be my understanding in regards to the community---

THE COURT:  That's a---

MR. BROOKS:  ---supervision.

THE COURT:  ---April 8th, 2002, case.  Is that your understanding?

MS. TODD:  Yes, Your Honor.

STATE OF SOUTH CAROLINA    )
                           )        CERTIFICATE
COUNTY OF FLORENCE         )

    I, the undersigned Patricia A. McDaniel, Official Court Reporter for the Twelfth Judicial Circuit of the State of South Carolina, do hereby certify that the foregoing is a true, accurate, and complete Transcript of Record of all the proceedings had and evidence introduced in the post-conviction relief hearing of the captioned case, relative to appeal, in the Court of Common Pleas for Florence County, South Carolina, on the 2nd day of October, 2006.

    I do further certify that I am neither of kin, counsel, nor interest to any party hereto.

*Patricia A. McDaniel*
Court Reporter

Florence, South Carolina
June 8, 2007.

Proof that the 2002 conviction
was a wrongful conviction of a
nighttime burglary I am not guilty
of and the plea was defective...

STATE OF SOUTH CAROLINA

IN THE COURT OF APPEALS

---

Appeal from Marion County
Appeal from Florence County

B. Hicks Harwell, Jr., Circuit Court Judge

---

THE STATE,

RESPONDENT,

V.

JAMES EDGAR HUTCHINSON,

APPELLANT

---

BRIEF OF APPELLANT

---

ELEANOR DUFFY CLEARY
Assistant Appellate Defender

South Carolina Office
of Appellate Defense
1205 Pendleton Street, Room 306
Columbia, S. C. 29201
(803) 734-1330

ATTORNEY FOR APPELLANT

I was also not informed of right to
demand a continuance and contest
prior convictions during this plea by
a motion to suppress making the plea
Involuntary and not made aware of my
alternative courses of action...

## STATEMENT OF THE CASE

Appellant was indicted by the Marion County grand jury in August 2002 for grand larceny exceeding $5000. ROA p. 35. In December 2002 he was charged in Florence County with two counts of first-degree burglary and one count of second-degree burglary (non-violent.) ROA p. 37. He signed a purported waiver of presentment to the grand jury on the Florence County charges. He pled guilty to all charges before the Honorable B. Hicks Harwell, Jr. on December 5, 2002 in Florence County. John C. Jepertinger represented the state and Stephen L. Hill represented appellant. ROA p. 1. Appellant waived venue of the Marion County indictment. ROA p. 6, lines 7-10.

Judge Harwell sentenced him to five years for grand larceny; two years for second-degree burglary, and fifteen years for the two counts of first-degree burglary. All sentences were to run concurrent. ROA p. 24, lines 14-22. See also ROA p. 33.

Counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396 (1967) on June 8, 2004, along with a petition to be relieved, stating her examination of the record indicated the appeal was without merit. By written order dated December 6, 2004, this Court denied the motion to be relieved and ordered the parties to brief the issue argued herein.

4

should be made.  ROA p. 21, line 3-5.  The solicitor told the judge "it would be a jurisdictional issue." ROA p. 21, lines 7–9

Nothing in the arrest warrants or the recitation of facts by the solicitor indicates that the burglary occurred in the nighttime.  ROA pp. 29-30; p. 16, line 11 – p. 18, line 8.

This amendment deprived the plea court of subject matter jurisdiction to accept appellant's pleas to these two counts of first-degree burglary.

Issues related to subject matter jurisdiction may be raised at any time.  Browning v. State, 320 S.C. 366, 465 S.E.2d 358 (1995).  A circuit court lacks subject matter jurisdiction and may not accept a guilty plea if the indictment does not sufficiently state the offense. Hooks v. State, 353 S.C. 48, 577 S.E.2d 211 (2003).  The lack of subject matter jurisdiction is fundamental and may not be waived even by consent of the parties.  Brown v. State, 343 S.C. 342, 540 S.E.2d 846 (2001)

The "true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet." Browning, 320 S.C. at 368, 465 S.E.2d at 359.

An indictment may be amended as long as the amendment does not change the nature of the offense charged.  S.C.Code Ann. § 17-19-100 (1985).  An amendment may deprive the circuit court of jurisdiction even if it does not change the penalty.  State v. Lynch, 344 S.C. 635, 639, 545 S.E.2d 511, 513 (2001).  The proper analysis for determining whether an amendment to an indictment deprives the trial court of subject matter jurisdiction is whether the amendment changed the nature of the offense charged, not whether the amendment in any way surprised or prejudiced the defendant.  Id. at 641, 545 S.E.2d at 514.

The offense of first-degree burglary occurs when a person enters a dwelling without consent, with intent to commit a crime in the dwelling, and an aggravating circumstance is present. S.C. Code Ann. § 16-11-311 (Supp. 2004). The aggravating circumstances outlined in that statute are "quite distinct from one another, and thus, the proof required for each aggravating circumstance is materially different from one another." Lynch, 344 S.C. at 640, 545 S.E.2d at 514. Therefore, the Supreme Court held that a court loses jurisdiction when the aggravating circumstance is changed. Id.

Since the crime did not occur in the nighttime, the parties sought to secure jurisdiction by amending the indictment to add a different aggravating circumstance. However, the plea court lost jurisdiction by allowing this amendment which changed the nature of the offense charged. Defense counsel's apparent instigation to amend the indictment does not obviate the problem, since subject matter jurisdiction may not be waived by consent of the parties. Brown, *supra*.

Appellant signed a purported waiver of presentment to the grand jury on the face of the indictment. ROA p. 38. In Hooks, the Supreme Court stated that "[t]wo exceptions apply to the general rule that an indictment must sufficiently state the offense to confer jurisdiction on a court. The first applies if the defendant waives presentment. The second applies where the charge to which the defendant pleads guilty is a lesser-included offense of the crime charged in the indictment." Id. at 52, 577 S.E.2d at 213.

However, in order for a valid waiver of presentment to exist, there must first be a formal indictment. State v. Smalls, 354 S.C. 498, 581 S.E.2d 850 (Ct. App. 2003), cert. granted Nov. 5, 2003. Logic dictates that the indictment must be sufficient as prepared before a valid waiver can exist. Since this indictment was not valid, appellant's waiver was

7

## CONCLUSION

Based on the foregoing argument, appellant respectfully requests that his convictions for first-degree burglary be vacated.

Respectfully submitted,

Eleanor Duffy Cleary
Assistant Appellate Defender

ATTORNEY FOR APPELLANT

This 14th day of February, 2005.

9

*[Handwritten: ...post conv...] ...on this case and my current case by allowing false claims by state,*

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | ) | FOR THE TWELFTH JUDICIAL CIRCUIT |
| | ) | |
| | ) | |
| James Edgar Hutchinson, #258003, | ) | Case No.: 2021-CP-21-1712 |
| | ) | |
| Applicant | ) | |
| | ) | |
| v. | ) | **CONDITIONAL ORDER OF DISMISSAL** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court by way of an application for post-conviction relief (PCR) filed by James Edgar Hutchinson (Applicant) on August 5, 2021. The State made its return and moved to summarily dismiss the action because the circuit court had jurisdiction to accept Applicant's guilty plea, the application was filed after the statute of limitations had expired, and for failure to state a cognizable claim for relief. For the reasons discussed below, this Court grants the State's motion to summarily dismiss the PCR action.

## I.    PROCEDURAL HISTORY

Applicant is confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Florence County Clerk of Court.[1] Applicant was indicted at the January 1995 term of the Florence County Grand Jury for second degree burglary and grand larceny (1995-GS-21-0110). The charges stem from Applicant's arrest for forgery, where law enforcement found the burglary victim's book of checks, which Applicant had been using fradulently, and the burglary

*[Handwritten: The State did not legally use this prior conviction, as it was not charged,]*

[1] Applicant is currently incarcerated due to a third and separate burglary offense (2018-GS-21-1520; -1523). Applicant filed this application because the underlying conviction to this matter was legally used to enhance his current sentence pursuant to 16-11-311(2) of the South Carolina Code. ("the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both[.]")

Page 1 of 9

*[Handwritten: The indictment failed to charge 16-11-311 a2.]*

victim's identification card. Represented by Steven Fowler, Esquire, Applicant appeared for a plea on March 22, 1995. Applicant pleaded guilty to second degree burglary. The State dropped the remaining charges. Applicant was sentenced him to six years' imprisonment. Applicant did not appeal.

## II.     CURRENT APPLICATION

Applicant *untimely* commenced this PCR action on August 5, 2021. In his application, Applicant alleges he is being held in custody unlawfully on the following grounds:

1. Ineffective assistance of counsel
   a. Counsels failure to investigate Illegal arrest, search and seizure, accepting the states version of facts prejudiced my case by telling me the evidence and statements would be used against me and my illegal detention placed me in a position where I felt I had no choice but to plead guilty by a misapprehension of law in my case.
   b. If counsel had filed a motion to suppress the ID and any other evidence would have been excluded (statements), no other independent evidence
   c. Counsel failed to preserve a 4th Amendment claim for a notice of appeal.
2. Involuntary Guilty Plea and Lack of Jurisdiction
   a. Guilty plea involuntarily, due to the fact the law enforcement, counsel, and the prosecution all led me to believe I lived in Florence County, so I never knew I had any valid defense or territorial jurisdiction issues . . . obtained unconstitutionally and still causing prejudice and persistent lingering effects due to ineffective assistance of counsel.
   b. My address of Rt. 8-box-143 Bar Ranch Rd. is really 344 Bar Ranch Rd. Darlington, SC.

As relief, Applicant requests his sentence be vacated and invalidate for support enhancement purposes to stop its prejudice in Applicant's current incarceration for his third

2021-CP-21-1712

*I did not raise this claim and the pcr counsel let my case be dismissed on a false claim see bottom of next page as proof*

i. Allegation of Lack of Jurisdiction

Applicant alleges the trial court did not have jurisdiction to accept his guilty plea because Rt. 8-box 143 Bar Ranch Rd. is now referred to as 325 Bar Ranch Rd., which Applicant claims is in Darlington County.[3] However, this Court finds this allegation is without merit.

In South Carolina, jurisdiction, the basic authority of a court to hear and exercise judgment over a criminal matter, is based upon two considerations; territorial jurisdiction, and subject matter jurisdiction. The territorial jurisdiction of a municipal court is limited to the boundaries of the municipality. Under section 22-3-710, "All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon, and only which, shall a warrant of arrest issue." Under section 14-25-45, "Each municipal court shall have jurisdiction to try all cases arising under the ordinances of the municipality for which established. The court shall also have all such powers, duties and jurisdiction in criminal cases made under state law and conferred upon magistrates. . . ." *Town of Honea Path v. Wright*, 194 S.C. 461, 9 S.E.2d 924 (1940); *State v. Fennel*, 263 S.C. 216, 209 S.E2d 433 (1974).

In the present case, the indictments clearly cite that the offenses occurred within Florence County. Additionally, the arrest warrants were issued by a Florence County judge. Therefore, the trial court judge clearly had jurisdiction. Applicant has provided no proof except his own assertion that the address is in Darlington County. Before the Court will hold an evidentiary hearing, Applicant must make a *prima facie* showing that he is entitled to relief. *Welch v. MacDougall*, 246 S.C. 258, 143 S.E.2d 455 (1965); *Blandshaw v. State*, 245 S.C. 385, 140 S.E.2d 784 (1965). This

---

[3] This was where Applicant was arrested for forgery and where law enforcement found the book of checks and the victim's identification card, which was the evidence used to bring the charges of the underlying conviction.

Page 4 of 9

2021-CP-21-1712

"AFFIDAVIT OF MERITS"

JUDICIAL NOTICE RULE 201. RULE 902 SELF-AUTHENTICATED EVIDENCE

"AFFIDAVIT OF MERITS"

INVAID PRIOR CONVICTION THAT WAS UNLAWFULLY GAINED BY INEFFECTIVE ASSISTANCE OF COUNSEL, INVOLUNTARY, UNITELLIGENT, AND INVALID GUILTY PLEA, IN VIOLATION THE LAWS AND STATUTES THIS STATE, THUS DENYING ME DUE PROCESS PROTECTED BY THE CONSTITUTION OF SOUTH CAROLINA AND THE UNITED STATES IN THE OF CASE NO. 1995 -GS-21- 0110 , THAT IS STILL CAUSING PREJUDICE AND PRESISTENT LINGERING EFFECTS AFFECTING MY SUBSTANTIAL RIGHTS...

Case no. 2021-CP-21-1712

Dear Clerk of Court, Please file for record and return copy

S.C. RULES OF CIVIL PROCEDURE RULE 77, COURTS AND CLERKS (a) COURTS ALWAYS OPEN Thanks, COURTS OF THIS STATE SHALL BE DEEMED ALWAYS OPEN FOR PURPOSE OF FILLING AND PLEADING

This conviction was obtained in violation of the Constitution of the United States, the S.C. Constitution and the laws of this state and I am suffering persistent effects and collateral consequences as I have alleged in my post-conviction application due to ineffective assistance of counsel in this invalid conviction and the states proposed dismissal is improper, Invalid prior conviction not moot I have a legally cognizable interest in the outcome Plymail V. Myrandy 84th 304 (4th A 2021)

STATE V. PAYNE 504 SE2D (1988). THE STATE ASSUMES THAT A PRIOR CONVICTION LEGAL AS WELL AS A LAICAL PRESUMPTION THAT IT WAS JUST, STATE V. MCABEE 67 SE2D, 417 (1951). EVERY ACT OF A COURT IS PRESUMED RIGHTLY DONE 'TILL THE CONTRARY APPEARS, VORHEES V. JACKSON 35 U.S., (10 PET.) 499 (1836). THE STATE RELIES ON THE PRESUMPTION OF REGULARITY ATTACHING TO FINAL JUDGMENTS. THIS DOES NOT MEAN THAT THE PRESUMPTION OF REGULARITY MAY NEVER BE SUSPENDED. PARK V. RALEY 118 S. CT. 517 (1992). THE PRESUMPTION MAY BE SUSPENDED IF THE UNAVAILABILITY OF EVIDENCE TO SUPPORT THE DEFENDENTS ATTACK OF PRIOR CONVICTIONS IS DUE TO GOVERNMENT MISCONDUCT, BY DENYING ACCESS TO DISCOVERY AND DOCUMENTARY EVIDENCE PURSUANT TO THE RULES OF "CIVIL PROCEDURE".

RESPECTFULLY SUBMITTED ON THIS 21st DAY OF Dec, 2021

JAMES EDGAR HUTCHINSON #258003 LEE, C.I. F6A-1125 990 WISACKY HWY. BISHOPVILLE, S.C. 29010

This conviction is also invalid and the issue of Territorial Jurisdiction is by a Florence County Deputy acting unlawful to illegal arrest, search & seizure Not alleging subject matter Jurisdiction in this case.

FORM 32    (12/87)

STATE OF SOUTH CAROLINA    )              INDICTMENT FOR
                           )    BREAKING INTO MOTOR VEHICLE, PRIVILY STEALING,
COUNTY OF____FLORENCE____   )      BURGLARY (2nd Degree) AND GRAND LARCENY

At a Court of General Sessions, convened on_____ July 27, 1989 _____,

the Grand Jurors of _____ Florence _____ County present upon their oath:

### COUNT ONE - BREAKING INTO MOTOR VEHICLE

That JAMES T. HUTCHEINSON did in Florence County on or about April 29-30, 1989, break into the motor vehicle of one Joe McLaurin with intent to steal something of value therefrom.

### COUNT TWO - PRIVILY STEALING

That JAMES E. HUTCHINSON did in Florence County on or about April 29-30, 1989, violate Section 16-13-20 of the Code of Laws of South Carolina (1976), as amended, in that he did privily enter and steal from the vehicle of Joe McLaurin, taking and carrying away a 35 mm camera.

### COUNT THREE - BURGLARY (2nd Degree)

That JAMES E. HUTCHINSON did in Florence County on or about March 14, 1989, enter the dwelling of Vince Hawthorn without consent and with the intent to commit a crime therein in violation of Section 16-11-312(A), South Carolina Code of Laws (1976), as amended.

### COUNT FOUR - GRAND LARCENY

That JAMES E. HUTCHINSON did in Florence County on or about March 14, 1989, feloniously take and carry away the personal goods of another of the value of more than two hundred dollars, to-wit:  the personal goods of Vince Hawthorn described as follows:  leather and suede jackets, rings, bracelets, gold chains, diamond rings and other assorted jewelry, with intent to deprive the owner thereof permanently of such goods.

*This Indictment is void & a nullity as the offense of burglary occurred inside Darlington County the grand jury actions are void and the conviction is invalid,*

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

_Audley Saleeby, jr._
_____
SOLICITOR

This prior conviction is invalid for the use of sf sentence enhancement and this is also proof to show trial counsel on current case is ineffective for failure to investigate it prejudicing my case and opportunity to be heard on its invalidity in a suppression hearing. First the indictment is void, for the grand jury had no power to issue an indictment for a burglary in Darlington County. The indictment by the Florence County Grand Jury is a nullity and any action upon the void indictment has no enforcement. Nevius v. State of Ohio 67 Sct. 1521, Bennett v. Tulsa Oklahoma 162 P2d, 561 (1945), State v. Mitchell 163 S.E. 561 (1932), State v. Funderburk. 191 Se2d. 520 (1972), The indictment is a nullity, an issue that can be raised at anytime The indictment is bad as it was found to be at an address essentially inside of Darlington County. See State v. Ray 24 S.C.L.T (1838), Burglary is not a continuing offense. People v. Shipley 662 Nw2d, 856 (2003) U.S. v. Hull 127 Sct. 2477 (2007), State v. Brown 626 so2d 851 (1993), Venue was jurisdictional in 1989 See State v. McLeod 401 Se2d, 175 (1992), The law in effect until 1992 was state v. Evans 415 Se2d, 816 (1992). Without an indictment in the county where the offense took place the circuit court lacked jurisdiction over offense. Counsel was ineffective for failure to investigate this prior conviction as it could have been invalidated for use...

Evidence to show my house and the burglary house in Darlington County ↙

**"RULE 407, S.C. RULES OF PROFESSIONAL CONDUCT"**
**"RULE 3.8, SPECIAL RESPONSIBILITIES OF A PROSECUTOR"**

Evidence gathered by my mother ↙

**"JUDICIAL NOTICE"**
**"COURTS TAKE JUDICIAL NOTICE OF UNIVERSALLY RECOGNIZED FACTS"**
**"JUDICIAL COGNIZANCE MAY BE TAKEN FROM MANY THINGS"**
**"BROWN V. PIPER 91U.S.37(1875)"**
**"GEOGRAPHICAL FACTS & NON-HEARSAY EVIDENCE"**
**"SOUTH CAROLINA CONSTITUTION ARTICLE 1. SECTION 3. , 11. & 14."**
**"UNITED STATES CONSTITUTIONAL AMENDMENT'S 5**[TH]**, 6**[TH]** & 14**[TH]**."**
**"S.C.R.E. RULE 201. JUDICIAL NOTICE OF ADJUDICATIVE FACTS & RULE 902. SELF-AUTHENTICATION"**
WHERE STREETS OR OTHER LANDMARKS ARE FEW IN NUMBER OR COMMONLY NAMED, DOUBT AS TO THEIR EXACT LOCATION REMAINS, AND THE COURT MAY BE COMPELLED TO WITHHOLD JUDICIAL NOTICE OF THAT FACT AS PROOF OF VENUE. COURTS SHALL TAKE NOTICE OF BOUNDARIES OF NATION, STATES, TERRITORIES, COUNTIES, DISTRICT AND TOWNSHIPS.
**"WEAVER V. U.S. 298F2D.496(5CA1962), MENDELL V. U.S 92SCT.535(1971)"**
DUE PROCESS REQUIRES THAT THE ACCUSED RECEIVE A FAIR TRIAL WITH AN IMPARTIAL JURY FREE FROM OUTSIDE INFLUENCES.
**"SHEPARD V. V. MAXWELL 86SCT.1507(1966), UNITED STATES V. JOHNSON 65SCT.249(1944)"**
STATE V. McCOY 82S.E.280(1914), UNDER S.C. CONST. ART.1 SEC. 17. PROVIDES A PROSECUTION FOR CRIME ONLY IN THE COUNTY WHERE IT WAS COMMITTED, ACCUSED COULD NOT BE LAWFULLY CONVICTED IN LEE COUNTY FOR THE SALE OF A MORTGAGED MULE IN CHESTERFIELD COUNTY, POST V. U.S. 16SCT.611(1896).
**"WILLIS V. O'BRIEN 88SCT.461(1967), FORMER DECISION 88SCT.71(1967), 153SE2D.178(1967)"**
A DEFENDANT HAS A RIGHT TO BE TRIED IN THE COUNTY WHERE THE CRIME WAS COMMITTED AND SUCH RIGHT CANNOT BE ABROGATED. VENUE LIES ONLY IN THE COUNTY WHERE THE CRIME WAS COMMITTED AND AT NO OTHER PLACE, UNLESS DEFENDANT WAIVES HIS RIGHT OR FILES A MOTION FOR A CHANGE OF VENUE.
**"NON-HEARSAY EVIDENCE"**
**"430 EXEMPLIFICATIONS, TRANSCRIPTS, AND CERTIFIED COPIES (29)"**
UNITED STATES V. INALDI 106SCT.1121(1980), AS THIS COURT, QUOTING WIGMORE'S TREATISE, HAS OBSERVED, "THE GENERAL PRINCIPLE UPON WHICH DEPOSITIONS AND FORMER TESTIMONY SHOULD BE RESORTED TO IS THE SIMPLE PRINCIPLE OF NECESSITY,- I.E. THE ABSENCE OF ANY OTHER MEANS OF UTILIZING THE WITNESS' KNOWLEDGE.'" PEOPLE V. REED 914P2D.184 APRIL 25[TH](1996), TRANSCRIPT EXCERPT'S WERE ADMISSIBLE UNDER HEARSAY UNDER FORMER TESTIMONY EXCEPTION TO HEARSAY RULE IN DETERMINING WHETHER DEFENDANT'S PRIOR CONVICTION WAS SERIOUS FELONY FOR PURPOSE OF SENTENCE ENHANCEMENT,. U.S. V. BOYD 177FED.APPX.721 APRIL 24[TH](9CA2006), HOLDING THAT CERTIFIED COPIES OF PUBLIC RECORD OF CONVICTIONS ARE SELF-AUTHENTICATING. SHREVE V. U.S 103F2D.796(9CA1939), THE "BEST EVIDENCE RULE" MEANS THAT EVIDENCE IN THE POWER OF A PARTY TO FURNISH MUST BE PRODUCED ,CAMPBELL V. LACLEDE GAS-LIGHT CO. 7SCT.278(1886), A COPY IS REGARDED AS OF THE SAME CLASS OR GRADE OF EVIDENCE, AS PRIMARY OR SECONDARY, AS THE ORIGINAL. SPECHT V. PATTERSON 87SCT.1209), SHEPARD V. U.S. 125SCT.1254(2005), GRAHAM V. WEST VIRGINIA 32SCT.583(1912), DUE PROCESS IN OTHER WORDS, REQUIRES AN OPPORTUNITY TO BE HEARD AND TO OFFER EVIDENCE OF HIS OWN, CHANDLER V. FRETAG 75SCT.1(1954), OYLER V. BOLES 82SCT.501(1962), VALIDITY OF ANY PRIOR CONVICTIONS USED TO BRING MULTIPLE-OFFENDER CHARGE INTO PLAY MAY BE INQUIRED INTO. I HAVE BEEN UNCONSTITUTIONALLY CONVICTED & IMPRISONED AS A BURGLAR.
WILLIAMS V. KAISER 65SCT.363(1945), JACKSON V. VIRGINIA 99SCT.2781(1979)"
**"DEFENDANT MUST BE ABLE TO PRESENT EVIDENCE HIS ADMISSIONS WERE COERCED"**
**"FAHY V. STATE OF CONNECTICUT 84SCT.229(1963)"**
**"STATE RULINGS SHOULD NOT BE CONTRARY TO SUPREME COURT PRECEDENT"**
**"PROVISIONS ARE CONSTRUED AND APPLIED BY THE SUPREME COURT OF THE UNITED STATES"**
**"WILLIAMS V. TAYLOR 120SCT.1495(2000)"**

RESPECTFULLY SUBMITTED ON THIS _____ DAY OF _____/_____.
JAMES EDGAR HUTCHINSON #258003 _____

3.

"AFFIDAVIT OF MERITS"

JUDICIAL NOTICE RULE 201. RULE 902 SELF-AUTHENTICATED EVIDENCE
"AFFIDAVIT OF MERITS"

INVAID PRIOR CONVICTION THAT WAS UNLAWFULLY GAINED BY INEFFECTIVE ASSISTANCE OF COUNSEL, INVOLUNTARY, UNITELLIGENT, AND INVALID GUILTY PLEA, IN VIOLATION THE LAWS AND STATUTES THIS STATE, THUS DENYING ME DUE PROCESS PROTECTED BY THE CONSTITUTION OF SOUTH CAROLINA AND THE UNITED STATES IN THE OF CASE NO. _____-GS-21-_____, THAT IS STILL CAUSING PREJUDICE AND PRESISTENT LINGERING EFFECTS AFFECTING MY SUBSTANTIAL RIGHTS....

S.C. RULES OF CIVIL PROCEDURE RULE 77, COURTS AND CLERKS (a) COURTS ALWAYS OPEN.
COURTS OF THIS STATE SHALL BE DEEMED ALWAYS OPEN FOR PURPOSE OF FILLING AND PLEADING

I James Edgar Hutchinson, under the American Bar Association Standards for Criminal Justice Hereby Elect to Elect as my representative to aves to the facts mentioned herein,
That I, Rieta A. Finch aves that I was summoned to serve Jury Duty while living on R. Bar M, Ranch, Rd, Darlington, S.C 29532 at 344., also known as Rt. 8-box-143 for the County of Darlington, S.C. Also have spoken to residents to attest same facts as location of residence to be in Darlington, S.C.,

S/ Rieta A. Finch     D.L. #084667007

To also include the facts that when you revisisted our old address at Rt. 4 box 143 whichis now 325. R. Bar M. Ranch Rd. Florence, S.C. Postal address that my daughter and your granddaughter's boyfriend named Ray Watts who lives with his brother Walker Watts lives in that same residence that resides inside of Darlington County on land Plat with Tax Map Sheet TMS-218-00-01-027

S/James E. Hutchinson    James E. Hutchinson    S/ Sandra Quller

This was also explained to Post-Conviction counsel Steven W. Fowler bu my mother also during brief phone call to her (Rieta A. Finch) From Counsel on 10-14-2022 in the afternoon hours where I was illegally arrest, searched seized, kidnapped out of my and mothers residence in Darlington County by Phil Hanna F.C.S.D.

S/ Date: 9-14-23

notary Public

my commission expires 2/17/24



## GENERAL POWER OF ATTORNEY

TO ALL PERSONS, be it known, that I James Edgar Hutchinson the undersigned principal, do hereby grant a general power of attorney to Reta A. Finch as my attorney-in-fact.

My attorney-in-fact shall have full powers and authority to do and undertake all acts on my behalf that I could do personally including but not limited to the right to sell, deed, buy, trade, lease, mortgage, assign, rent or dispose of any of my future real or personal property; the right to execute, accept, undertake, and perform all contracts in my name; the right to deposit, endorse; or withdraw funds to or from any of my bank accounts, depositories or safe deposit box; the right to borrow, lend, invest or reinvest funds on any terms; the right to initiate, defend, commence or settle legal actions on my behalf; the right to vote (in person or by proxy) any shares or beneficial interest in any entity; and the right to retain any accountant, attorney, physician or other advisor deemed necessary to protect my interests generally or relative to any foregoing unlimited power.

My attorney-in-fact hereby accepts this appointment subject to its terms and agrees to act and perform in said fiduciary capacity consistent with my best interests as in my attorneys best discretion deems advisable, and I affirm and ratify all acts undertaken,

This power of attorney may be revoked by me at any time, and shall automatically be revoked upon my death, provided any person relying on this power the authority of my attorney-in-fact until in receipt of actual notice of revocation.

Signed under seal this _James Edgar Hutchinson_ December 4th 2021

STATE OF South Carolina
COUNTY OF Florence
On ___7___ before me, _Dec. 2021_, personally appeared James Hutchinson, personally known to me (or subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

X _Debra Eastridge_
Exp: 3/3/2026

renewed on: 3-14-2023
_Sandra Outlaw_
Notary Public
2/17/24

My commission expires:

I James Edgar Hutchinson hereby amend this Power of Attorney to include & allow my mother Reta A. Finch, to whom I lived with from 1949 through 1994 to gather evidence showing that said addresses Rt. 4 box-143 now 344. and Rt. 4. box-140 now 325, R. Bar M. Ranch Rd. Florence, S.C are really located inside of Darlington County pursuant to S.C.R.C.P. Rule 2[...]

**qPublic.net**™ Darlington County, SC



**Overview**

**Legend**
☐ Parcels
··· Roads

*[Aerial map showing roads labeled W FREIGHT RD, I-95 HWY, WILLIAM LN, R BAR M RANCH RD, VIVIAN LN]*

Date created: 4/21/2021
Last Data Uploaded: 4/21/2021 11:06:26 AM

Developed by **Schneider** GEOSPATIAL

My house was Rt 8. box
143 florence, S.C.
Darlington County
The burglary residence was
Rt. 8 box 140 Florence, S.C.
Darlington County



Prepared by Darlington County GIS on: 4/18/2023

Residence in Darlington County in 1989 Burglary Making Indictment void.

My residence in 1994 Illegal arrest search & seizure counsel ineffective case, My house was in Darlington. Phill Hanna left his Territorial Jurisdiction for illegal conduct.

# The Supreme Court of South Carolina

James Edgar Hutchinson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2024-000638

---

## ORDER

---

Pursuant to Rule 243(l) of the South Carolina Appellate Court Rules, this post-conviction relief appeal is hereby transferred to the South Carolina Court of Appeals.

FOR THE COURT

BY _Patricia A. Howard_
CLERK

Columbia, South Carolina
October 1, 2024

cc:  Donald J. Zelenka
Wanda H. Carter
James Edgar Hutchinson, 258003
The Honorable Jenny A. Kitchings

# The South Carolina Court of Appeals

James Edgar Hutchinson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2024-000638

---

## ORDER

---

This matter is before the court on a petition for a writ of certiorari following the denial of Petitioner's application for post-conviction relief.

Petitioner's counsel asserts that the petition is without merit and requests permission to withdraw from further representation. Petitioner has filed a pro se petition.

Based on the vote of the panel after careful consideration of the entire appendix as required by *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), the petition for a writ of certiorari is denied and counsel's request to withdraw is granted.

FOR THE COURT

BY _____
CLERK

Columbia, South Carolina

cc:
Donald J. Zelenka, Esquire
Wanda H. Carter, Esquire
James Edgar Hutchinson, 258003
The Honorable Clifton Newman

**FILED**
**Jul 17 2025**



STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF FLORENCE ) FOR THE TWELFTH JUDICIAL CIRCUIT

James Edgar Hutchinson, #258003, )
               Applicant, )   Case No.: 2019-CP-21-2808
            )
      v. )
            )   **ORDER OF DISMISSAL**
State of South Carolina, )
             Respondent. )

This matter is before the Court by way of an application for post-conviction relief (PCR) filed by James Edgar Hutchinson (Applicant) on October 4, 2019. On October 18, 2022, an evidentiary hearing was convened before me. Applicant was present and represented by Steven W. Fowler, Esquire. Assistant Attorney General Danielle Dixon represented Respondent. Following a thorough review of the records before this Court and the testimony and evidence presented at the hearing, this Court finds Applicant did not meet his burden of proof. Thus, this Court denies relief and dismisses this application with prejudice.

### Procedural History

Applicant is confined in the South Carolina Department of Corrections serving a twenty-six year sentence. In January 2019, the Florence County Grand Jury indicted Applicant for two counts of first degree burglary (2018-GS-21-1520; -1523). These charges arose from home invasions on April 9, 2010 and April 10, 2010, wherein Applicant broke into the same victim's home and stole two televisions. Law enforcment found the televisions at a pawn shop; the pawn receipt indicated Applicant had pawned them. Applicant later confessed to both burglaries.

On January 8, 2019, Applicant pled guilty pursuant a negotiated plea before the Honorable Thomas A. Russo. Assistant Public Defender Caroline Lawson represented Applicant, and Deputy Solicitor John Jepertinger respresented the State. In exchange for the guilty plea, the State agreed

Page 1 of 15

### Findings of Fact and Conclusions of Law

Before this Court are the Florence County Clerk of Court records of the underlying convictions, Applicant's records from the Department of Corrections, the plea transcript, and the records of this PCR action. This Court has had the opportunity to review records and has heard the testimony at the PCR hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility, and weigh their testimony accordingly. After a careful review based on the Strickland standard set forth below, this Court finds Applicant has failed to carry his burden of proof. Below are this Court's findings of facts and conclusions of law as required by section 17-27-80 of the South Carolina Code (2017).

### *Ineffective Assistance of Counsel*

In a PCR action, an applicant bears the burden of proving the allegations. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). An applicant alleging ineffective assistance of counsel must prove "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler, 286 S.C. at 441, 334 S.E.2d at 813. "The test for effective assistance of counsel is whether the representation was within the range of competence demanded of attorneys in criminal cases." Watson v. State, 287 S.C. 356, 357, 338 S.E.2d 636, 637 (1985). Courts presume counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C. at 441, 334 S.E.2d at 813. An applicant must overcome this presumption to received relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

To establish ineffective assistance of counsel, a PCR applicant must prove (1) counsel's performance fell below an objective standard of reasonableness and (2) the applicant sustained

2019-CP-21-2808

prejudice as a result of counsel's deficient performance.  Strickland, 466 U.S. at 687–88; Cherry, 300 S.C. at 117–18, 386 S.E.2d at 625.  To prove prejudice following a guilty plea, the applicant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

*Failure to move to suppress statement/ investigate effect of drug on his confession*[1]

Applicant first contends counsel was ineffective for not moving to suppress his statements to law enforcement.  He further contends counsel was ineffective for not investigating the effects medication had on his statements.  This Court finds Applicant has not met his burden of proof on these allegations.

At the PCR hearing, Applicant testified he had an upset stomach after he was detained, and the nurse gave him gabapentin and hydroxyzine.  He stated the medicine made him feel depressed and suicidal, and put him in a different state of mind, "like [he] was being lured in and being told to come talk with" law enforcement.  Applicant testified he was interrogated shortly thereafter— while still under the effects of the medicine—and averred he should not have been interrogated while medicated.  Applicant testified he told counsel the drugs had affected him, but she told him she looked up the drugs online and concluded they did not affect him.  He asserted counsel was ineffective for not further investigating the effects of the drugs to determine how they would have impacted his confession.  He likewise asserted counsel was ineffective for not seeking expert testimony regarding the effects of the drugs administered prior to his interrogation.

Applicant also asserted he did not recall law enforcement advising him of his Miranda rights.  Although he acknowledged signing a Miranda waiver form, he testified he could not read it and law enforcement did not read it to him.  According to Applicant, law enforcement told him

---

[1] Due to the overlap in testimony, this section addresses allegations 1(a) and (b) as set forth above.

Page **4** of **15**

2019-CP-21-2808

to sign it, and Applicant signed it without knowing what it was. Applicant testified that counsel told him she had reviewed the DVD of his confession and concluded it was voluntary. He testified counsel never informed him that the State would have to prove the confession was voluntary. Applicant asserted counsel was ineffective for not moving to suppress his confession.

This Court finds Applicant did not prove plea counsel was deficient in this regard. Plea counsel testified she was aware of the medication issue because Applicant raised it, and she researched the drugs to see what effect they could have on an individual. Plea counsel further testified she reviewed the confession video at least three times, which included a waiver of Applicant's Miranda rights, and she did not believe there was a viable challenge to the confession. Counsel explained Applicant appeared lucid in the video. Although she concluded the confession would likely be admitted, she testified she would have moved to suppress the statement if Applicant had proceeded to trial. Counsel stated she explained to Applicant that he would waive his right to challenge the confession by pleading guilty. This Court finds the foregoing testimony by counsel is credible. Based on counsel's foregoing testimony, counsel was not deficient in failing to further investigate the drugs or in not challenging the confession before this plea.

Likewise, Applicant failed to prove prejudice. Applicant did not present any expert testimony at the PCR hearing about the medication he took to support his allegation that the medication made him incompetent to be interrogated. Further, Applicant's own testimony on this issue indicated the medication primarily made him feel depressed. This does not rise to the level of rendering him incompetent for purposes of an interrogation. Ultimately Applicant did not prove by a reasonable likelihood the drugs affected his statement or the video would have been suppressed had it been challenged. Further—and critically—Applicant knowingly waived his right to challenge the confession when he voluntarily pled guilty. This Court finds Applicant

2019-CP-21-2808

ultimately pled guilty because he was facing a life sentence—not because of any alleged deficiency by counsel on this issue. Thus, he has not shown prejudice. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (providing an applicant who pled guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" to prove prejudice).

*Failure to advise about constitutional rights waived by the plea / challenge prior convictions*[2]

Applicant next contends counsel was ineffective for not advising him about constitutional rights he was waiving by pleading guilty. More specifically, in relation to this allegation, at the PCR hearing Applicant asserted counsel as ineffective for not challenging the prior offenses the State used to support his LWOP notice. Applicant has not met his burden of proof on this ground.

At the PCR hearing, Applicant asserted he had "a right not to be convicted on untrue assumptions, invalid premises, misinformation" about the prior convictions. He asserted the prior convictions were unconstitutional and obtained illegally, and thus should not have been used for enhancement. Applicant asserted counsel coerced him with the prior convictions to keep him from challenging the confession, and the confession and prior convictions were used to coerce him into pleading guilty. Applicant testified counsel never advised him that he could challenge the prior convictions or that he had the burden of proof in doing so. He stated he would not have pled guilty if he had known he had the burden; rather, he "would have sit in jail and investigated and tried to come up with a way to defend [himself] against these priors." Likewise, he asserted counsel did not correct the plea judge when he misadvised Applicant that the State had the burden of proof.

Applicant testified he was told "no matter what [he] did, they was going to use the prior convictions against [him] and give [him] a life sentence." He asserted counsel should have

---

[2] Due to an overlap in testimony, this section addresses allegations 1(c), (h) and (j).

Page **6** of **15**

2019-CP-21-2808

challenged the use of his prior convictions because they were "obtained illegally and against [his] constitutional rights by ineffective assistance of counsel." He further asserted counsel was ineffective for not investigating the prior convictions, and had she done so she would have learned one of his prior convictions was not a most serious offense: "it was a daytime non-violent, and they got [him] to plead guilty to a nighttime burglary by ineffective assistance of counsel." Applicant also testified the solicitor failed to prove the chronological order of his prior convictions and thus did not establish that they occurred on separate occasions. He likewise testified the solicitor did not link the prior convictions to him by reading his social security number or address.

Counsel testified she reviewed a form with Applicant that advised him of the rights he waived by pleading guilty, and Applicant signed the form.[3] She explained she advised him of the sentences he faced, the fact this was a negotiated plea, the State's burden of proof, and the constitutional rights he was waiving, including the right to cross-examine witnesses and testify or remain silent. She stated Applicant was intelligent, and she had no concerns about his ability to understand. Counsel likewise testified she did not see any basis to challenge the prior convictions, which she discussed with Applicant.

This Court finds the foregoing testimony by counsel credible. Based on counsel's foregoing testimony, this Court finds Applicant failed to prove counsel was deficient in her advice regarding the rights he was waiving and the prior convictions. This Court likewise finds Applicant did not prove prejudice. Applicant's argument here centers on his belief that his prior convictions were not most serious offenses. Based on the records before this Court, which include the LWOP notice, the State used prior December 5, 2002, first degree burglary convictions as qualifying offenses; these convictions constitute a most serious offense under section 17-25-45(C)(1) of the

---

[3] The form was entered as State's Exhibit 1.

Page **7** of **15**

2019-CP-21-2808

South Carolian Code. Applicant is correct that he has the burden of proof when challenging prior convictions used for enhancement. See State v. Payne, 332 S.C. 266, 272, 504 S.E.2d 335, 338 (Ct. App. 1998) ("[C]onsidering the presumption of regularity given to final judgments, . . . the defendant bears the burden of proof when collaterally attacking a prior conviction which the State seeks to use under a sentence enhancement statute."). Here, however, Applicant has not met that burden. Applicant complains that (1) his charge was a daytime nonviolent charge, (2) the solicitor did not establish that these offenses occurred on different days, and (3) the solicitor did not read his social security number or address into the record. However, the public index shows Applicant pled guilty to two counts of *first-degree* burglary (HO32229 & HO32231) and a single count of burglary, nonviolent (HO32233) on December 5, 2002. Even if the two first-offense charges arose from a single incident, it would be sufficient to support the LWOP notice. Applicant did not meet his burden of proving these prior convictions were invalid. He likewise did not meet his burden of proving prejudice from counsel's failure to challenge these prior convictions. Ultimately Applicant waived his right to challenge these convictions by pleading guilty pursuant to a negotiated sentence, and the State withdrew the LWOP notice. Thus, this claim is denied.

*Failure to advise about filing a direct appeal (1d)*

Applicant contends counsel was ineffective for failing to file a direct appeal. This Court finds Applicant failed to prove counsel was ineffective in this regard. "Following a trial, counsel is required to make certain the defendant is made fully aware of the right to appeal." Turner v. State, 380 S.C. 223, 224, 670 S.E.2d 373, 374 (2008). "However, the standard for a guilty plea differs. Absent extraordinary circumstances, such as when there is reason to think a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or when the defendant reasonably demonstrated an interest in appealing, there is no constitutional

2019-CP-21-2808

requirement that a defendant be informed of the right to a direct appeal from a guilty plea." Id.

At the PCR hearing, Applicant testified counsel never advised him he could file an appeal. However, he stated he asked counsel to file an appeal, but she did not do so. When asked what issue he would have raised on appeal, he replied, "The confession issue and the . . . prior conviction not being a most serious offense, that it was really a daytime . . . burglary and it shouldn't have qualified as a most serious."

Counsel testified Applicant did not ask her to file an appeal, but if he had, she would have filed the notice of appeal even if she believed it lacked merit. Counsel acknowledged she did not discuss an appeal with Applicant, explaining this was a negotiated sentence. However, she stated the plea judge would have advised Applicant of his right to appeal.

This Court finds credible counsel's foregoing testimony that Applicant did not ask her to file a direct appeal. This Court likewise finds not credible Applicant's testimony that he asked counsel to file an appeal. This Court further finds Applicant did not demonstrate any extraordinary circumstances that would have caused counsel to believe Applicant wanted to appeal. The issues Applicant testified he would have raised on a direct appeal were unpreserved and more suitable for PCR—which Applicant has now filed. Based on counsel's credible testimony, this Court finds Applicant did not prove deficiency or prejudice, and this claim is denied.

*Failure to review evidence with Applicant (1e)*

Applicant asserts counsel was ineffective for not reviewing the evidence with him. Specifically, he contends counsel did not show him the DVD of his confession. This Court finds Applicant has not proved this ground.

At the PCR hearing, Applicant testified counsel never showed him the DVD of his confession. He testified he asked to see it, but she told him it was on her phone, which she was

Page **9** of **15**

2019-CP-21-2808

not allowed to take inside the detention center. Applicant asserted that when he pressed counsel about the DVD, she "growled at [him] and she said that if [he] F with her that [he] would have to plead guilty to a life sentence and she wouldn't talk to the prosecutor or nothing."

Plea counsel testified she met with Applicant seven times and reviewed the evidence with him, including photos, pawn receipts, and home surveillance footage. She stated she showed him the entire file, including the DVD of his confession.

This Court finds counsel's foregoing testimony credible. Likewise, this Court finds not credible Applicant's foregoing testimony. Based on counsel's foregoing testimony, this Court finds counsel adequately reviewed discovery—including the confession—with applicant and thus was not deficient. This Court further finds Applicant did not prove prejudice. Specifically, Applicant did not prove that had he seen the video, he would have proceeded to trial rather than pleading guilty. Applicant likewise did not show what other evidence he did not review that would have made him go to trial rather than plead guilty. Thus, this claim is denied.

### *Failure to present mitigating evidence related to Applicant's mental health*[4]

Applicant contends counsel was ineffective for not presenting mitigation evidence about Applicant's mental health issues. This Court finds Applicant did not meet his burden of proof on this ground.

At the PCR hearing, Applicant testified he had been in a car wreck and fallen off a ladder at work, and his doctor prescribed pain medicine. However, his doctor later stopped prescribing the medicine because he believed Applicant was abusing it. Applicant testified he started getting medicine off the street, he and his wife were both addicted to pain medicine, and he was supporting both of their habits. Applicant testified he sought help but "they kept giving [him] outpatient

---

[4] Due to an overlap in testimony, this section combines allegation 1(f) and (g).

Page **10** of **15**

2019-CP-21-2808

treatment." He also testified the Court ordered ATU drug treatment during one of his prior convictions, but he "never got the benefit of the treatment or the programs in prison." Applicant believed this information could have helped mitigate his sentence or gotten him into a drug treatment program. He stated he asked counsel to have him evaluated by a psychiatrist because he was addicted to drugs and depressed, but counsel did not send him for an evaluation. Applicant also asserted that counsel did not inform him that he could offer mitigating evidence at the plea, and he would have done so if he had known that.

Counsel testified she was aware of Applicant's drug history, but she did not believe it rose to the level of affecting his competency and she did not see the need for a competency evaluation. She stated she saw no reason to present mitigating evidence or hire an expert for mitigation in a negotiated plea, although she would have pursued an expert if this had proceeded to trial.

This Court finds Applicant failed to prove counsel was ineffective in this regard. Critically, this was a negotiated plea with a negotiated sentence, and under the terms of the negotiation, the State withdrew an LWOP notice. This Court finds counsel worked diligently in obtaining this plea and was not deficient. This Court likewise finds that because this was a negotiated plea with a negotiated sentence, counsel's decision to not present mitigation evidence was reasonable under prevailing professional norms and not deficient. This Court also finds Applicant did not prove prejudice. Applicant did not present any expert testimony on his mental health condition that would have been useful for mitigation. Ultimately, Applicant pled pursuant to a negotiated plea with a negotiated sentence, and he has not met his burden of showing he would not have accepted the plea had counsel investigated his mental health more thoroughly. Further, because this was a negotiated sentence, he has not shown anything that would have reasonably resulted in the Court giving him a lesser sentence (which it could not do). Thus, this claim is denied.

Page **11** of **15**

2019-CP-21-2808

*Failure to move to suppress pawn shop receipts*[5]

During the PCR hearing, Applicant averred counsel was ineffective for not moving to suppress pawn shop receipts. Specifically, he claimed that during his interrogation, law enforcement showed him pawn shop receipts they had obtained.[6] Applicant claimed the receipts were obtained illegally because the pawn shop was located in Dillon County, whereas the officer worked for Marion County.[7] He stated there was not a multi-jurisdictional agreement plan, and the officer could not go to Dillon County to search for evidence. Applicant testified the receipts should have been suppressed, but they were used by law enforcement to coerce him into giving a statement. Counsel testified she investigated this issue but did not see any problems with the way law enforcement obtained the receipts or any multi-jurisdictional issues.

This Court finds Applicant has not proven counsel was ineffective in this regard. Initially, the cases relied on by Applicant at the PCR hearing to support this claim do not support a finding that law enforcement cannot cross into another county to gather evidence while investigating a crime. See State v. Boswell, 391 S.C. 592, 707 S.E.2d 265 (2011) (finding Lexington County officers did not have authority to *arrest* defendant in Calhoun County when they were not in pursuit of him, they did not have a warrant, the multi-jurisdictional agreement had not been ratified and was thus invalid, and the officers could not effectuate a private citizen's arrest because the defendant did not commit a felony); State v. Burgess, 408 S.C. 421, 759 S.E.2d 407 (2014) (finding multi-jurisdiction agreement invalid and concluding it did not confer officer authority to *arrest* defendant outside his territorial jurisdiction). Although multi-jurisdictional agreements may be necessary for *arresting* an individual, nothing here indicates Applicant was arrested in a county

---

[5] Applicant offered testimony about this issue during the PCR hearing.

[6] These receipts—which were signed by Applicant—were receipts for the victim's stolen televisions.

[7] This offense occurred in Florence County.

outside the officers' territory. Further, this Court finds Applicant did not have an expectation of privacy in the pawn shop receipts and thus had no basis to move to suppress them on Fourth Amendment grounds. Applicant did not set forth a viable basis for which counsel could have challenged the receipts and thus did not prove deficiency. Finally, this Court finds Applicant ultimately pled guilty to avoid facing a life sentence, and in doing so knowingly waived his right to challenge the evidence. This Court finds that due to Applicant's confessions—which counsel credibly stated would have most likely been admitted—and the LWOP notice, it is not reasonably likely Applicant would have proceeded to trial even if the pawn shop receipts had been suppressed. Thus, Applicant did not prove deficiency or prejudice, and this claim is denied.

### *Involuntary plea*

Finally, Applicant contends his plea was involuntary. Specifically, he asserts he was not informed the State had to prove its case beyond a reasonable doubt, he was not informed the State had to prove his confession was voluntary, and the facts did not support the plea because they did not contain any enhancement. This Court finds Applicant did not prove this claim.

The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). "[A] defendant entering a guilty plea must be aware of the nature and crucial elements of the offense, the maximum and any mandatory minimum penalty, and the nature of the constitutional rights being waived." Pittman v. State, 337 S.C. 597, 599, 524 S.E.2d 623, 624 (1999).

At the PCR hearing, Applicant asserted counsel never explained the charges, and he did not know he could challenge the prior convictions. He testified the plea judge misinformed him of the nature of his crime, and counsel did not correct the judge. He also testified the plea judge

Page **13** of **15**

2019-CP-21-2808

did not address him personally, and he was misinformed that he had the burden of proof. Applicant acknowledged counsel told the plea court that none of his prior crimes were violent. However, he explained he wanted her to tell the Court that he "was actually innocent of . . . a most serious offense, that—that it was non-violent." Applicant acknowledged the plea judge advised him of the rights he was waiving but claimed he "didn't know [he] was waiving them rights because [he] didn't know [he] had any defenses." He stated he only waived his rights and pled guilty because he was told he didn't have to prove anything.

In contrast, counsel testified she explained to Applicant the charges he faced and reviewed the discovery with him. She stated she also explained the sentence he faced and the negotiated sentence, and she reviewed a form with him that detailed the rights he was waiving. This Court finds counsel's testimony in this regard <u>credible</u>. This Court further finds the plea transcript itself shows the plea was knowingly, freely, and voluntarily entered. Specifically, the plea court explained the sentence Applicant faced and the constitutional rights he was waiving, and Applicant indicated he understood. (Pl. 1-14). Applicant by his own testimony at the PCR hearing relayed he was informed that the State had to prove its case beyond a reasonable doubt. Counsel likewise <u>credibly</u> testified she advised Applicant that he was waiving his right to challenge the voluntariness of the confession by pleading guilty. Applicant's contention that the facts did not support the plea is not supported by the plea transcript. (Pl. 14-18). This Court finds Applicant was advised by counsel and the plea court of the nature of the plea and the rights he was waiving, and he entered the plea knowingly, freely, and voluntarily. Thus, this claim is denied.

2019-CP-21-2808

## Conclusion

Based on the foregoing, this Court finds and concludes Applicant has not established any constitutional violations or deprivations that would require this Court to grant relief. Thus, this application is denied and dismissed with prejudice.

Should Applicant wish to secure appellate review, he must file and serve a notice of appeal within thirty days of receipt by counsel of written notice of entry of judgment. See Rule 203, SCACR. Pursuant to Austin v. State, 305 S.C. 453, _ S.E.2d (1991), an applicant has the right to an appellate counsel's assistance in seeking review of the denial of PCR. Pursuant to Rule 71.1(g), SCRCP, if an applicant wishes to seek appellate review, PCR counsel must serve and file a notice of appeal on applicant's behalf. Attention is directed to Rule 243, SCACR, for appropriate procedures for appeal.

**IT IS THEREFORE ORDERED:**

1.  This application for PCR is denied and dismissed with prejudice; and

2.  Applicant must be remanded to and remain in the custody of the State.

**AND IT IS SO ORDERED THIS 3rd day of April 2024.**

CLIFTON NEWMAN
Presiding Judge
Twelfth Judicial Circuit

Columbia, South Carolina

2019-CP-21-2808